IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STORED VALUE SOLUTIONS INC,  :
:
      Plaintiff,  :
:
  v.  : Civil Action No. 09-495-JJF
:
CARD ACTIVATION  :
TECHNOLOGIES INC.,  :
:
      Defendant.  :

---

Alan M. Fisch, Esquire, Jason F. Hoffman, Esquire, Coke Morgan Stewart, Esquire, and R. William Sigler, Esquire of Kaye Scholer LLP, Washington, D.C.

Richard L. Horwitz, Esquire and David E. Moore, Esquire of Potter, Anderson, & Corroon LLP, Wilmington, Delaware.

Attorneys for Plaintiff.

J. David Wharton, Esquire, Mark J. Peterson, Esquire, and Nora M. Kane, Esquire of Stinson Morrison Hecker LLP, Omaha, Nebraska.

Keith H. Orum, Esquire and Mark D. Roth, Esquire of Orum & Roth LLC, Chicago, Illinois.

Jack B. Blumenfeld, Esquire and Julie Heaney, Esquire of Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware.

Attorneys for Defendants.

---

**MEMORANDUM OPINION**

November 20, 2009
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is a Motion To Transfer (D.I. 18) to the Northern District of Illinois, filed by Defendant Card Activation Technologies, Inc. Plaintiff, Stored Value Solutions, Inc., opposes the Motion. (D.I. 23.) For the reasons discussed below, the Motion will be denied.

## I. THE LEGAL STANDARD FOR CHANGE OF VENUE

A change of venue or "transfer" may be granted by a district court pursuant to 28 U.S.C. § 1404(a) which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Id. Section 1404(a) is not complicated. It instructs a district court that it may transfer a case if:

> 1) the case could have been filed initially in the district the court is considering transferring the case to;
>
> 2) the parties and witnesses for both sides of the case would find it more convenient to litigate in the district under consideration by the court; and
>
> 3) the transfer to another court for the convenience of the parties and witnesses is in the interest of justice, or to state another way, it is fair and reasonable to send the parties and witnesses to another federal district for convenience purposes.

From these simple, straightforward principles, a legend of case law has developed concerning the transfer of venue for the convenience of the parties and witnesses. In the Third Circuit district courts are required to analyze and weigh a set of eleven

2

(11) private/public factors. Those factors are best set forth in <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873 (3d Cir. 1995):

<u>The Private Factors</u>:

1) The plaintiff's forum preference as manifested in the original choice;

2) the defendant's preference;

3) whether the claim arose elsewhere;

4) the convenience of the parties;

5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and

6) the location of books and records, but only to the extent that they may actually be unavailable for trial in one of the fora.

<u>The Public Factors</u>:

1) The enforceability of the judgment;

2) practical considerations that could make the trial easy, expeditious, or inexpensive;

3) the relative administrative difficulty in the two fora resulting from court congestion;

4) the local interest; and

5) the public policies of the fora.

**II. THE PARTIES' CONTENTIONS**

The parties' contentions concerning these private and public

3

factors are:

| Private Factors - Parties' Contentions | | |
|---|---|---|
| | Plaintiff | Defendant |
| 1. Plaintiff's preference as manifested by its choice of forum | Plaintiff's choice of forum is due great deference under Third Circuit precedent. Additionally, the "home turf" argument is not applicable because Plaintiff is incorporated in Delaware. | Plaintiff's choice of forum should receive considerably less deference because Plaintiff is not physically located in Delaware and thus it is not Plaintiff's "home turf." |
| 2. The defendant's preference | No argument made. | Defendant prefers transfer. |
| 3. Whether the plaintiff's claim arose elsewhere | No argument made. | No argument made. |
| 4. The convenience of the parties | The Delaware Court is at least as convenient as the Illinois Court. Additionally, Defendant's incorporation in Delaware makes it impossible for Defendant to argue that it is not convenient to litigate in its home state, Delaware. | The convenience of the parties weighs in favor of transfer because of the extensive litigation that has already taken place in the Illinois Court. |
| 5. The convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora | There is no evidence that any witnesses are unable or unwilling to come to Delaware and traveling to Delaware is not more difficult than traveling to Illinois. | The ease of travel to Chicago will make travel easier for any out of town witnesses in traveling to Illinois as opposed to Delaware. |

| | | |
|---|---|---|
| 6. The location of books and records, but only to the extent that they may actually be unavailable for trial in one of the fora | Defendant does not contend that records could not be produced in Delaware or to Plaintiff's counsel. | One of Defendant's counsel is located in Illinois and has physical custody of the files. |

| Public Factors - Parties' Positions | | |
|---|---|---|
| | Plaintiff | Defendant |
| 1. The enforceability of the judgment | No argument made. | No argument made. |
| 2. Practical considerations that could make the trial easy, expeditious, or inexpensive | The Delaware Court is on a faster track than the Illinois Court in deciding the related matters. | Judicial economy dictates a transfer so that multiple cases stemming from the same transaction are before the same court. |
| 3. The relative administrative difficulty in the two fora resulting from court congestion | One of the reasons Plaintiff filed this case in the Delaware Court was the Court's lighter, more efficient docket. | The Delaware Court's docket is not more efficient than the Illinois Court's docket because the cases in Illinois are on similar time lines to this case. |
| 4. The local interest | There is no local interest in the Illinois Court because the relevant cases are before a number of different judges meaning the court does not have increased efficiency because the cases have not been heard | The Illinois Court has a greater interest in this case because the cases pending before that court relating to the same parties and patent. |

|  | by a single judge. |  |
| --- | --- | --- |
| 5. The public policies of the fora | No argument made. | No argument made. |

When viewed outside the scope of the factors, Defendant's main contention is that the case should be transferred so that it is heard by the same court that has heard the other cases stemming from the alleged patent infringement at issue in this case. Plaintiff counters that efficiency may be found when a single judge presides over similar cases, not when a single court, but multiple judges in that court (Illinois) preside over the cases, which is the situation here.

### III. DISCUSSION OF THE RELEVANT FACTORS

With regard to the parties' positions, the following are the Court's findings on each factor.

| Private Factors - Court's Findings ||
| --- | --- |
|  | Court's Finding |
| 1. Plaintiff's forum preference as manifested in the original choice | A plaintiff's choice of venue is given great deference, and the Court will give such deference to Plaintiff because it filed this case in this Court for legitimate reasons. Accordingly, this factor weighs against transfer. |
| 2. The defendant's preference | Defendant clearly prefers a transfer, and thus, this factor favors transfer. |
| 3. Whether the claim arose elsewhere | This factor is not relevant in this case. |
| 4. The convenience | Although Defendant may find it more |

6

| | |
|---|---|
| of the parties | convenient to litigate in Illinois, Plaintiff chose to litigate in Delaware because it believed this Court was more convenient for it.  Thus, this factor is neutral with regard to transfer. |
| 5. The convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora | Defendant did not establish that witnesses would refuse or be physically unable to attend trial in Delaware nor that the ease of travel to Illinois is substantially different than travel to Delaware. Accordingly, the Court finds that this factor weighs against transfer. |
| 6. The location of books and records, but only to the extent that they may actually be unavailable for trial in one of the fora | Defendant has not shown that there would be any difficulty in producing records in Delaware.  Thus, the Court finds that this factor weighs against transfer. |

| Public Factors - Court's Findings ||
|---|---|
| | Court's Findings |
| 1. The enforceability of the judgment | This factor is not an issue in this case, thus, the Court finds that this factor is neutral with regard to transfer. |
| 2. Practical considerations that could make the trial easy, expeditious, or inexpensive | Although the Illinois Court does have multiple cases pending relating to the same materials, these cases are before multiple judges.  With multiple judges presiding, any efficiency that is gained by similar cases being in the same court is lost.  The existence of a proposed Markman decision does not change the Court's view on this argument.  Thus, the Court finds that this factor weighs against transfer. |

7

| 3. The relative administrative difficulty in the two fora resulting from court congestion | The efficiency of the dockets of the two courts is not dramatically different. Accordingly, the Court finds that this factor is neutral with regard to transfer. |
|---|---|
| 4. The local interest | For the same reasons as explained in Public Factor 2, the Court finds that this factor weighs against transfer. |
| 5. The public policies of the fora | This factor is not an issue in this case, thus, the Court finds that this factor is neutral with regard to transfer. |

**IV. DECISION**

In sum, after considering the private and public factors the Court finds that this case could have been filed in the District of Northern Illinois. However, Plaintiff chose to file the case in Delaware because both Plaintiff and Defendant are incorporated in and thus, residents of Delaware.

Defendant's principal argument for transfer is that the case should be transferred for judicial efficiency because several cases are pending in the Northern District of Illinois regarding actions brought by Defendant against Plaintiff's customers. While judicial efficiency is an important concern, the cases are presently distributed among five different judges. In order for efficiency to be achieved, the cases would have to be before a single judge. The result is that transferring this case to Illinois would not increase efficiency over what it is currently. The proposed claim construction from the Illinois Court does not

8

change the Court's opinion because the construction was not adopted and related to different parties.

Accordingly, the Court finds that Defendant has not established that a transfer of venue to the Northern District of Illinois would be more convenient than the District of Delaware for the parties nor that it is needed to promote the interests of justice.

## V. Conclusion

For the reasons discussed, the Motion to Transfer Venue (D.I. 18) to the Northern District of Illinois will be denied.

An appropriate order will be entered.