IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STORED VALUE SOLUTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 09-495 (JJF/LPS) |
| ) | |
| CARD ACTIVATION TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OBJECTION TO**
**REPORT AND RECOMMENDATION REGARDING CLAIM CONSTRUCTION**

**I.     INTRODUCTION**

Claim construction proceedings were referred to Magistrate Stark pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1).  Defendant, Card Activation Technologies, Inc. ("CAT"), respectfully objects, in limited part, to the Judge Stark's Report and Recommendation Regarding Claim Construction, D.I. 61, served on the parties on April 28, 2010.

**II.     ARGUMENT**

   **A.     Standard Of Review**

Because the claim construction could be dispositive of the Plaintiff's claims of invalidity, this Court's review of the Report and  Recommendation is *de novo.  See Von Holdt v. A-1 Tool Corp.,* 636 F.Supp.2d 726, 730 (N.D. Ill. 2009) (citing 12 F. Prac. & Proc. Civ.2d § 3068.2 ("Rule 72 is thus in keeping with the legislative intent [of 28 U.S.C. § 636]: at the very least, the eight motions listed in the statute will be governed by the procedures and *de novo* review of Rule 72(b), and these procedures should also apply to any other pretrial matters or other 'additional duties' that, in a particular case, may be 'dispositive of a claim or defense of a party.'"); *accord*

*Shuffle Master v. Vendingdata,* No. 2:04-cv-01373, 2007 WL 674290, at *1 (D. Nev. Feb. 28, 2007).

> **B.    The Term "Telecommunications" Itself Imparts Structure, and Therefore 35 U.S.C. § 112, ¶6 Does Not Apply to that Claim Term.**

If a claim element contains the word "means" and recites a function, there is a presumption that the element is a means-plus-function element under § 112, ¶6. That presumption falls, however, if the term itself is a functional term and the term imparts sufficient structure to perform the claimed function. *Envirco Corp. v. Clestra Cleanroom, Inc.*, 209 F.3d 1360, 1364 (Fed. Cir. 2000) (citation omitted). As an aid to determining whether sufficient structure is recited by a term used in a claim limitation, the Federal Circuit has focused the inquiry into whether the "term, as the name for structure, has a reasonably well understood meaning in the art." *Greenberg v. Ethicon Endo-Surgery, Inc.*, 91 F.3d 1580, 1583 (Fed. Cir. 1996).

Therefore, even though a particular claim is recited as a means-plus-function, that claim is not necessarily subject to 35 U.S.C. § 112, ¶6. For example, the court in *Greenberg* noted that many devices impart structure to a person skilled in the art, such as "filter," "brake," "clamp," "screwdriver" or "lock." These terms, even if used in a means-plus-function language, are not subject to § 112, ¶6. *Greenberg*, 91 F.3d at 1583. The court in *Envirco* applied that rationale to find that a claim limitation consisting of a "second baffle means having inner surfaces for directing the airflow . . . inwardly" was not subject to § 112, ¶6. The *Envirco* court reasoned that the term "baffle" itself imparts structure sufficient to rebut the presumption of the applicability of § 112, ¶6. *See also Cole v. Kimberly Clark Corp.*, 102 F.3d 524, 527 (Fed. Cir. 1996) ("perforation means…for tearing" was not subject to § 112, ¶6 because "it describes the structure supporting the tearing function"); *Optimal Recreation Solutions, LLP v. Leading Edge*

*Technologies, Inc.*, 6 Fed. Appx. 873, 877-78 (Fed. Cir 2001) ("global positioning receiver," "memory" and "display" inherently identify structures and § 112, ¶6 does not apply).

Here, CAT offered evidence and argument to support its contention that the term "telecommunications means" is not in means plus function form, relying primarily upon its expert Dr. Grimes and a technical dictionary. The Report and Recommendation acknowledges CAT's evidentiary submission, but does not analyze or discuss why it is insufficient to support CAT's position. (D.I. 61 at 8). SVS did not adduce any contrary evidence. Instead, it appears that the Report and Recommendation took out of context a statement made by counsel during the *Markman* hearing to find the following:

> According to CAT, the distance within the claim language between the first use of the disputed term and the element that recites the function of the telecommunications means is inconsistent with means plus function claim drafting. (D.I. 60 at 104). However, CAT cites no authority for this proposition.

(D.I. 61 at 7-8). CAT is not relying upon the sentence formation of the claim to support its position that "telecommunications means" is not in means plus function form, but rather that the "for" language used in the claim is not properly associated with the "telecommunications means" term.

CAT respectfully submits that the presumption is overcome because "telecommunications" itself connotes structure (a modem or its equivalent) to a person of ordinary skill in the art. (D.I. 44, Ex. 5, Grimes Decl. at ¶¶11-12; 20; 22; 24-31; 34-35).[1] Reliance on expert testimony to ascertain the correct meaning of a term to one skilled in the art is

---

[1] Mr. Grimes earned B.S. and M.S. degrees in Electrical Engineering and a Ph.D. in Electrical Engineering (with a minor in Computer Science), all from Iowa State University. Mr. Decl. has worked in the computer and electronics field for over 35 years and has extensive practical experience in payment systems and their development, and he has participated in and directed commercial payment card projects. He has been active in several professional societies and has published over 40 conference and journal papers and has made hundreds of technical presentations around the world on computer technology. (Ex. 5, Grimes Decl. at ¶¶4-6.)

Case 1:09-cv-00495-LPS   Document 62   Filed 05/17/10   Page 4 of 6 PageID #: 1054

proper in claim construction. *See Arthrocare Corp. v. Smith & Nephew, Inc.*, 406 F.3d 1365, 1375 (Fed. Cir. 2005) (according weight to unrefuted expert testimony pertaining to term of art in assessing sufficiency of evidence to support jury verdict); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) ("Expert testimony, including evidence of how those skilled in the art would interpret the claims, may also be used [to ascertain the meaning of claims].") (citation omitted).

CAT also relied upon contemporaneous dictionaries to define "telecommunications" in functional terms. *Graf's Modern Dictionary of Electronics* defines "telecommunications" as follows:

> All types of systems in which electronic or electromagnetic signals are used to transmit information between or along points … 2. Data transmission between a computing system and remotely located devices via a unit that performs that necessary format conversion and controls the rate of transmission.

This buttresses Grimes' testimony that a person of ordinary skill in the art would know and understand that the term "telecommunications" is a functional term that itself imparts structure.

CAT remains consistent in its position that the term is not in means plus function form. As the Court is aware, in the Northern District of Illinois, Magistrate Judge Valdez relied upon identical evidence in concluding the presumption was overcome. SVS' lack of contrary evidence, expert or otherwise, is telling.

### III.   CONCLUSION

CAT asks that the District Court enter its *Markman* Order as recommended by the Magistrate with the exception of finding that the term "telecommunications means" is not in means plus function form as "telecommunications" imparts the structure of a modem or its equivalent.

- 5 -

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Julia Heaney*

        _____
        Jack B. Blumenfeld (#1014)
        Julia Heaney (#3052)
        1201 North Market Street
        P.O. Box 1347
        Wilmington, DE 19899
        (302) 658-9200
        jheaney@mnat.com
        *Attorneys for Defendant*
        *Card Activation Technologies, Inc.*

OF COUNSEL:

J. David Wharton
Mark J. Peterson
Nora M. Kane
STINSON MORRISON HECKER LLP
1299 Farnam Street, Suite 1500
Omaha, NE 68102
(402) 342-1700

Keith H. Orum
Mark D. Roth
Orum & Roth, LLC
53 W. Jackson Boulevard, Suite 1616
Chicago, Illinois 60604
(312) 922-6262

May 17, 2010
3548900

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2010 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Richard L. Horwitz
>David E. Moore
>POTTER ANDERSON & CORROON LLP

I further certify that I caused to be served copies of the foregoing document on May 17, 2010 upon the following in the manner indicated:

## BY ELECTRONIC MAIL

| | |
|---|---|
| Richard L. Horwitz | Alan M. Fisch |
| David E. Moore | Coke Morgan Stewart |
| POTTER ANDERSON & CORROON LLP | Jason F. Hoffman |
| 1313 North Market Street | Roy William Sigler |
| Wilmington, DE 19801 | KAYE SCHOLER LLP |
| | The McPherson Building |
| | 901 Fifteenth Street, NW |
| | Washington, DC 20005-2327 |

*/s/ Julia Heaney*

Julia Heaney (#3052)