## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STORED VALUE SOLUTIONS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 09-495-LPS |
| | : | |
| CARD ACTIVATION TECHNOLOGIES, INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

1.      Defendant Card Activation Technologies, Inc. ("CAT"), moves to strike the Rebuttal Report of Lori Brietzke, the invalidity expert for Plaintiff Stored Value Solutions, Inc. ("SVS"). The Court has received and reviewed four letters regarding this dispute. (D.I. 85-88)

2.      SVS served Brietzke's opening expert report on July 2, 2010. (D.I. 71 at 1) In response, CAT served a rebuttal report of its expert, Jack Grimes, on September 1, 2010. (D.I. 75) Then, on September 20, 2010, SVS served on CAT the Rebuttal Report of Brietzke ("Rebuttal Report"). (D.I. 81; D.I. 85 Ex. 1)

3.      Under the current Scheduling Order, expert discovery is set to conclude on September 30, 2010. (D.I. 73) Case dispositive motions are due on October 15, 2010. (D.I. 77)

4.      CAT contends that if the Rebuttal Report is permitted, "the prejudice to CAT would be substantial and incalculable." (D.I. 86 at 2) CAT claims the Rebuttal Report contains extensive "new opinions" and additional citations, all of which should have been disclosed in Brietzke's original report. (D.I. 86 at 2 & Ex. 2) Given the belated disclosure of these "new opinions," occurring after CAT had "spent a significant amount of time preparing summary

judgment and *Daubert* motions . . . based on Ms. Brietzke's initial report," the allowance of the Rebuttal Report "would essentially mean starting the case over from scratch." (D.I. 86 at 2) CAT points out that the Scheduling Order does not contemplate a rebuttal expert report from a party bearing the burden of proof on an issue. CAT also emphasizes that, in response to the Court's August 27, 2010 Oral Order, the parties provided the Court a status report on September 8, 2010 (D.I. 76), in which they jointly proposed a schedule for completion of this action. Neither in the status report nor at any time prior to service of the Rebuttal Report did SVS even suggest it was going to serve an additional expert report. As CAT complains, "SVS was working on the second Brietzke report at the same time it filed the Court-ordered Status Report concerning progress in completion of expert discovery and subsequent dates. SVS' silence as to its intent to file a rebuttal report . . . deceived CAT into believing that the record with respect to invalidity was complete." (D.I. 88 at 2)

    5.    SVS defends its service of Brietzke's Rebuttal Report by arguing that it "offers no new opinions, nor does it rely upon any new prior art." (D.I. 85 at 1-2) Rather, in the view of SVS, the Rebuttal Report rebuts Grimes' critique of Brietzke's opening expert report, which could not be anticipated prior to receipt of Grimes' report. (D.I. 87 at 1) ("SVS prepared the report to put CAT on notice of the errors in Dr. Grimes's report . . . .") SVS contends that it acted in good faith in providing CAT notice of Brietzke's response to Grimes prior to the conclusion of expert discovery and, crucially, prior to Brietzke's scheduled deposition. (D.I. 85 at 1) SVS adds that the Scheduling Order contains no provision precluding the service of rebuttal expert reports from a party bearing the burden of proof.

    6.    Exclusion of "critical evidence" in a patent case is an "extreme sanction, not

2

normally to be imposed absent a showing of willful deception or flagrant disregard of a court

order by the proponent of the evidence." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791-92

(3d Cir. 1994) (internal quotation marks omitted); *see also Dow Chemical Co. v. Nova Chems.*

*Corp.*, No. 05-737-JJF, 2010 U.S. Dist. LEXIS 50101, at *4 (D. Del. May 20, 2010).

  7.  Here, Brietzke's Rebuttal Report is "critical evidence" on the issue of the validity

of the patent-in-suit. CAT does not dispute this fact. *See generally* D.I. 86 at 2 (CAT stating,

"This case rises and falls on expert witnesses."). A validity expert's dissection of another

validity expert's reports is critical evidence.

  8.  SVS did not "flagrant[ly] disregard" the Court's Scheduling Order, which was

silent on the issue now in dispute. The Court adopted without amendment the parties' proposal

regarding expert discovery, which makes no reference either to permitting or precluding rebuttal

reports from the party having the burden of proof. (*Compare* D.I. 12 ¶ 4(e)(f) *with* D.I. 16

¶ 4(e)(f))

  9.  Nor does the Court find "willful deception" by SVS. The Court agrees with SVS

that Brietzke's Rebuttal Report does not contain impermissible "new" opinions. While Brietzke

repeatedly cites to additional portions of authorities on which she relied in her opening report,

this would be appropriate testimony in a deposition or trial and, therefore, is also appropriate in a

rebuttal expert report. Furthermore, as SVS argues, the specifics of one expert's response to

another expert's critique of the first expert's initial report cannot be anticipated with precision

prior to receipt of the second expert's critiquing report. *See* D.I. 87 at 1 ("While SVS agrees that

Ms. Brietzke is under an obligation to present her invalidity opinion in a complete fashion in her

opening report, she cannot be fairly expected to anticipate the errors Dr. Grimes would make in

responding to those opinions, nor can she be expected to present alternate invalidity theories that turn on Dr. Grimes's opinions before he presents them.").

     10.    The "extreme sanction" of exclusion of this "critical evidence" is not justified.[1] Nonetheless, it would have been far preferable if SVS had disclosed to CAT its intention to produce another report on invalidity. SVS's silence is particularly troubling because Brietzke was in the process of preparing her rebuttal report at the same time the parties were meeting and conferring in order to advise the Court as to what remained to be done in this action. As a result, CAT was deceived into believing SVS had concluded its expert filings on invalidity. SVS's failure to advise CAT, and the Court, that it sought an opportunity to file an additional expert report on invalidity prejudiced CAT in its preparations for the remainder of the case and caused the Court to enter a Scheduling Order that now requires further amendment.

     Accordingly, IT IS HEREBY ORDERED THAT:

     1.    CAT's Motion to Strike the Brietzke Rebuttal Report is DENIED.

     2.    The Scheduling Order is amended as follows:

          a.    Rebuttal expert reports from the party bearing the burden of proof are permitted, if filed sufficiently in advance of the conclusion of expert discovery in order to permit the expert to be deposed on the full range of his/her opinions disclosed in the report(s).

---

    [1]This is especially so because the Court will, as it must, limit the expert testimony at trial to that disclosed in the expert reports. The Court will defer ruling on any objection to expert testimony as beyond the scope of the expert reports until after trial. If, following trial, a party prevails on such an objection, and a new trial is thereby necessitated, the party whose expert testified beyond the scope of his or her expert report(s) will be required to pay the costs of the new trial.

   b.  Case dispositive motions shall be briefed according to the Local Rules. Parties are <u>not</u> permitted to oppose a motion for summary judgment by filing a Counter-Statement of disputed facts but must file an answering brief.

   c.  Motions in limine shall not be separately filed but shall be included in the proposed pretrial order, in accordance with the form attached to this Order.

   d.  This case shall be tried in April 2011.

3.  The parties shall meet and confer with respect to the impact of this Order on the remaining proceedings in this action. No later than <u>September 29, 2010</u>, the parties shall submit a joint letter not to exceed three (3) pages, containing their proposal(s) for the remaining schedule to govern this action, consistent with the above.

Delaware counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

             9-27-10

        UNITED STATES DISTRICT JUDGE