**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| STORED VALUE SOLUTIONS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 09-495-KAJ |
| | ) | |
| CARD ACTIVATION TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**STORED VALUE SOLUTIONS, INC.'S ANSWERING BRIEF TO CARD ACTIVATION
TECHNOLOGIES, INC.'S MOTION FOR SUMMARY JUDGMENT**

POTTER ANDERSON & CORROON LLP
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff
Stored Value Solutions, Inc.*

OF COUNSEL:

Alan M. Fisch
Jason F. Hoffman
Coke Morgan Stewart
R. William Sigler
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, N.W.
Washington, D.C. 20005-2327
Tel: (202) 682-3500

Dated: January 14, 2011

## TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS ....................................................1

SUMMARY OF THE ARGUMENT ........................................................................1

COUNTERSTATEMENT OF FACTS ......................................................................2

ARGUMENT ...........................................................................................................5

I.     THE MICROTRAX MANUALS AND IBM USER'S GUIDES
       QUALIFY AS  PRIOR ART ..........................................................................6

       A.     CAT Relies Upon Inapplicable Authority for its Printed
              Publication Arguments.......................................................................6

       B.     Record Evidence Establishes that the Three MicroTrax Manuals
              Are Printed Publication Prior Art ........................................................8

       C.     Record Evidence Establishes that the Four IBM User's Guides Are
              Printed Publication Prior Art ..............................................................10

       D.     The MicroTrax Manuals and IBM User's Guides Also Provide
              Evidence That the '859 Patent is Invalid due to Prior Public Use.......10

II.    CAT HAS FAILED TO SHOW THAT SVS CANNOT MEET ITS
       BURDEN TO PROVE ANTICIPATION ......................................................11

       A.     Record Evidence Establishes that the Disclosures of the Prior Art
              Are Arranged in the Same Way as in the Claims .................................11

       B.     The Disclosures of All 15 Prior Art References Are Enabled ..............13

       C.     Record Evidence Establishes that 10 Prior Art References Teach
              the "Clerk Authorization Code" Limitation.........................................15

              1.     CAT's Arguments Regarding the Recently-Concluded
                     Reexamination Are Contrary to Law and the Record
                     Evidence..................................................................................15

              2.     SVS Has Not "Misapplied" the Court's Claim
                     Constructions..........................................................................18

III.   CAT HAS FAILED TO SHOW THAT SVS CANNOT MEET ITS
       BURDEN TO PROVE OBVIOUSNESS ......................................................20

A.     Record Evidence Establishes a Reasonable Expectation of Success
       for the Obviousness Combinations ........................................................................20

B.     Ms. Breitzke's Opinions Regarding the Obviousness of the
       Independent Claims Are Admissible ....................................................................22

CONCLUSION.....................................................................................................................23

# TABLE OF AUTHORITIES

## CASES

*Astrazeneca LP v. TAP Pharm. Prods., Inc.*,
   444 F. Supp. 2d 278 (D. Del. 2006)................................................................ 23

*Ball Aerosol & Specialty Container, Inc. v. Limited Brands, Inc.*,
   555 F.3d 984 (Fed. Cir. 2009)...................................................................... 20

*Commissariat A L'Energie Atomique v. Samsung Elecs. Co.*,
   524 F. Supp. 2d 520 (D. Del. 2007)............................................................ 16

*Don's Hydraulics, Inc. v. Colony Ins. Co.*,
   417 F. Supp. 2d 601 (D. Del. 2006)............................................................ 23

*Finnigan Corp. v. ITC*,
   180 F.3d 1354 (Fed. Cir. 1999)...................................................................... 7

*Impax Labs., Inc. v. Aventis Pharm. Inc.*,
   468 F.3d 1366 (Fed. Cir. 2006).................................................................... 13

*In re Elsner*,
   381 F.3d 1125 (Fed. Cir. 2004).................................................................... 14

*Innogenetics, N.V. v. Abbott Labs.*,
   512 F.3d 1363 (Fed. Cir. 2008).................................................................... 23

*IPXL Holdings, L.L.C. v. Amazon.com, Inc.*,
   430 F.3d 1377 (Fed. Cir. 2005).............................................................. 15, 16

*Juicy Whip, Inc. v. Orange Bang, Inc.*,
   292 F.2d 728 (Fed. Cir. 2002)........................................................................ 7

*Kyocera Wireless Corp. v. ITC*,
   545 F.3d 1340 (Fed. Cir. 2008).................................................................. 6, 7

*McKesson Automation, Inc. v. Swisslog Holding AG*,
   C.A. 06-28, 2009 U.S. Dist. LEXIS 103665 (D. Del. Oct. 30, 2009) ............ 23

*Microstrategy Inc. v. Business Objects Amers.*,
   410 F. Supp. 2d 348 (D. Del. 2006),
   *aff'd* 238 Fed. Appx. 605 (Fed. Cir. 2007)................................................ 7, 11

*Net Moneyin, Inc. v. Verisign, Inc.*,
   545 F.3d 1359 (Fed. Cir. 2008).................................................................... 12

*Novo Nordisk Pharm., Inc. v. Bio-Tech. Gen. Corp.*,
    C.A. 02-332, 2004 U.S. Dist. LEXIS 14960 (D. Del. Aug. 3, 2004),
    *aff'd* 424 F.3d 1347 (Fed. Cir. 2005) ............................................................... 14

*NTP, Inc. v. Research in Motion, Ltd.*,
    418 F.3d 1282 (Fed. Cir. 2005) ....................................................................... 23

*Osram GmbH v. Int'l Trade Comm'n*,
    505 F.3d 1351 (Fed. Cir. 2007) ....................................................................... 19

*Perfect Web Techs., Inc. v. Info USA, Inc.*,
    587 F.3d 1324 (Fed. Cir. 2009) ....................................................................... 20

*Prima Tek II, L.L.C. v. Polygap S.A.R.I.*,
    412 F.3d 1284 (Fed. Cir. 2005) ....................................................................... 15

*Rocep Lusol Holdings Ltd. v. Permatex, Inc.*,
    470 F. Supp. 2d 448 (D. Del. 2007) ................................................................. 16

*SRI Int'l Inc. v. Internet Security Sys., Inc.*,
    456 F. Supp. 2d 623 (D. Del. 2006),
    *aff'd* 511 F.3d 1186 (Fed. Cir. 2008) ............................................................... 14

*SRI Int'l, Inc. v. Internet Security Sys., Inc.*,
    511 F.3d 1186 (Fed. Cir. 2008) ......................................................................... 7

*Woodland Trust v. Flowertree Nursery, Inc.*,
    148 F.3d 1368 (Fed. Cir. 1998) ......................................................................... 7

*Wyers v. Master Lock Co.*,
    616 F.3d 1231 (Fed. Cir. 2010) ....................................................................... 20

**STATUTES**

35 U.S.C. § 102 ...................................................................................................... 6, 7

**RULES**

D. Del. LR 7.1.3(c)(1)(E) ........................................................................................ 2

## TABLE OF EXHIBITS

**Exhibits**                                                                                              **Short Cite**

Jan. 14, 2011 Declaration of R. William Sigler ........................................... "1-14-11 Sigler Decl."

    Ex. A to 1-14-11 Sigler Decl. - U.S. Patent No. 6,032,859 ................................. "'859 Patent"

    Ex. B to 1-14-11 Sigler Decl. - IBM 4680-4690 Sept. 1995 ........ "IBM 4680-4690 Sept. 1995"

    Ex. C to 1-14-11 Sigler Decl. - IBM 4680 Dec. 1990 ........................... "IBM 4680 Dec. 1990"

    Ex. D to 1-14-11 Sigler Decl. - IBM 4680 EFT March 1991 ...... "IBM 4680 EFT March 1991"

    Ex. E to 1-14-11 Sigler Decl. - IBM 4680 July 1996 ............................. "IBM 4680 July 1996"

    Ex. F to 1-14-11 Sigler Decl. - U.S. Patent No. 5,577,109 ........................................ "Stimson"

    Ex. G to 1-14-11 Sigler Decl. - U.S. Patent No. 4,797,540 ....................................... "Kimizu"

    Ex. H to 1-14-11 Sigler Decl. - U.S. Patent No. 5,933,812 .......................................... "Meyer"

    Ex. I to 1-14-11 Sigler Decl. - U.S. Patent No. 5,488,044 ............................................ "Price"

    Ex. J to 1-14-11 Sigler Decl. - U.S. Patent No. 5,732,136 ...................................... "Murphree"

    Ex. K to 1-14-11 Sigler Decl. - Int'l App. No. WO94/28498................................. "Nakamura"

    Ex. L to 1-14-11 Sigler Decl. - U.S. Patent No. 4,722,054 ......................................... "Yorozu"

    Ex. M to 1-14-11 Sigler Decl. - European Patent No. 348 932 B1 .......................... "Takizawa"

    Ex. N to 1-14-11 Sigler Decl. - May 27, 2010 Office Action.................... "May 27, 2010 O.A."

    Ex. O to 1-14-11 Sigler Decl. - December 16, 2009 I.D.S. ..................... "Dec. 16, 2009 I.D.S."

    Ex. P to 1-14-11 Sigler Decl. - February 26, 2010 I.D.S.......................... "Feb. 26, 2010 I.D.S."

    Ex. Q to 1-14-11 Sigler Decl. - November 9, 2010 Office Action ............. "Nov. 9, 2010 O.A."

    Ex. R to 1-14-11 Sigler Decl. - Lori Breitzke Dep. Transcript (Excerpts) ... "Breitzke Dep. Tr."

    Ex. S to 1-14-11 Sigler Decl. - Jack Grimes Dep. Transcript (Excerpts) ....... "Grimes Dep. Tr."

    Ex. T to 1-14-11 Sigler Decl. - Jack Grimes *Curriculum Vitae* .......................... "Grimes C.V."

Jan. 14, 2011 Declaration of Jason F. Hoffman...................................... "1-14-11 Hoffman Decl."

Ex. A to 1-14-11 Hoffman Decl. - Tom. Lineck Dep. Transcript (Excerpts)  "Lineck Dep. Tr."

Ex. 4 to Ex. A - MicroTrax Manual...................................................... "MicroTrax Manual"

Ex. 7 to Ex. A - MicroTrax Omni........................................................."MicroTrax Omni"

Ex. 8 to Ex. A - MicroTrax Pinstripe................................................. "MicroTrax Pinstripe"


Declaration of Lori Breitzke (D.I. 104) ..................................................."Bretizke Decl."

Ex. A to Breitzke Decl. - Breitzke Report ........................................."Breitzke Rep."

Ex. B to Breitzke Decl. - Breitzke Rebuttal Report..................................."Breitzke Reb. Rep."

## NATURE AND STAGE OF THE PROCEEDINGS

The sole issue in this case is whether U.S. Patent No. 6,032,859 ("the '859 patent") is invalid over the prior art.  Plaintiff Stored Value Solutions, Inc. ("SVS") has moved for summary judgment that all 36 claims of the '859 patent are invalid due to anticipation and obviousness. (*See* D.I. 102.)  Defendant Card Activation Technologies, Inc. ("CAT") has moved for summary judgment of validity.  (*See* D.I. 109).  SVS now respectfully submits this brief in opposition to CAT's motion for summary judgment.

## SUMMARY OF THE ARGUMENT

CAT's motion presents a single issue:

SVS's expert Lori Breitzke has analyzed 15 different prior art references and offered 72 conclusions about the invalidity of all 36 claims of CAT's patent. CAT's expert, Jack Grimes, offers no opinion about the underlying prior art relied on by Ms. Breitzke.  In a factual light most favorable to SVS, could a reasonable juror conclude that CAT's patent is invalid?

The answer is "yes."  The prior art of record here is overwhelming, but not surprising given the technology involved.  The plain disclosures of the 15 prior art references render all 36 claims of the '859 patent invalid due to anticipation and obviousness.  Accordingly, Ms. Breitzke has opined that the patent-in-suit is invalid.

CAT's curious motion for summary judgment ignores the plain disclosures of the prior art and is not supported by expert opinion.  Instead, the motion subjects its readers to a scattershot collection of attorney arguments regarding purported errors in Ms. Breitzke's analysis.  Had CAT obtained guidance from an expert on the underlying prior art, it would assuredly have learned of the unmeritorious basis for its motion.  The lack of expert opinion in support of CAT's motion is neither an accident nor an oversight.  CAT has been litigating this patent since 2006.  Even with this passage of time, CAT remains unable to locate a single

technical expert who can distinguish the plain disclosures of the prior art from the patent-in-suit, not even Dr. Grimes.[1]

## COUNTERSTATEMENT OF FACTS

Consistent with its approach of avoiding the plain disclosures of the prior art and the substance of Ms. Breitzke's opinions, CAT fails to include in its opening brief a "concise statement of facts with supporting references to the record," as is required under the Local Rules.[2]  Instead, CAT includes in its opening brief numerous, conclusory statements regarding the record evidence without providing any citation in support.[3]

CAT, in its motion, fails to set forth the staggering extent of the evidence that SVS has adduced showing that the '859 patent is invalid.   The disclosures in the prior art of record and Ms. Breitzke's opinions establish that 32 of the 36 claims of the '859 Patent are anticipated.  Specifically 10 prior art references anticipate the independent claims (1, 10, 20, and 29) of the '859 patent, as well as a substantial number of the dependent claims:

- The MicroTrax Ltd. Electronic Payment Software, PC Electronic Payment Systems Reference Manual ("the MicroTrax Manual") anticipates claims 1-3, 5-14, 16-20, 22, 24-31, 33, and 35-38.[4]

---

[1] The Court has previously identified that Dr. Grimes has submitted inconsistent testimony regarding the scope of the '859 patent: "The subsequent declaration Grimes filed in the instant action . . . is inconsistent with his prior declaration."  (D.I. 61, Report and Recommendation Regarding Claim Construction, at 14.)

[2] *See* D. Del. LR 7.1.3(c)(1)(E).

[3] By way of example, in arguing that Ms. Breitzke has failed to provide a sufficient opinion as to anticipation, CAT makes the sweeping generalization that "Ms. Breitzke employs this same flawed technique with respect to all of the alleged prior art references," yet fails to cite any record evidence in support.  *See* CAT's Opening Brief at 6.

[4] *See* MicroTrax Manual; Breitzke Rep. at 2.

- The MicroTrax Ltd. Electronic Payment Software, Omni 490 and 490ML Operation Manual Integrated and Non-Integrated Configurations ("the MicroTrax Omni") anticipates claims 1-3, 5-14, 16-20, 22, 24-31, 33, and 35-38.[5]

- The MicroTrax Ltd. Electronic Payment Software, MicroTrax Pinstripe Lane Equipment Users Guide ("the MicroTrax Pinstripe") anticipates claims 1-3, 5-14, 16-20, 22, 24-31, 33, and 35-38.[6]

- The IBM Electronic Funds Transfer Feature Enhancement: User's Guide ("IBM 4680-4690 EFT Sept. 1995") anticipates claims1-3, 5-14, 16-20, 22, 24-31, 33, and 36-38.[7]

- The IBM 4680 General Sales Application Electronic Funds Transfer User's Guide ("IBM 4680 EFT Dec. 1990") anticipates claims 1-3, 6-7, 9-14, 17-20, 22, 25-26, 28-31, 33, and 36-38.[8]

- The IBM 4680 General Sales Application Electronic Funds Transfer User's Guide ("IBM 4680 EFT March 1991") anticipates claims 1-3, 6-7, 9-14, 17-20, 22, 25-26, 28-31, 33, and 36-38.[9]

- The IBM Advanced Payment System for the IBM 4680-4690 General Sales Application User Guide ("IBM 4680 July 1996") anticipates claims 1-3, 5-7, 9-14, 16-20, 22, 24-26, 28-31, 33, and 35-38.[10]

- U.S. Patent No. 4,797,540 ("Kimizu") anticipates claims 1-2, 6-7, 9-10, 13-14, 17-20, 25-26, 28-29, 31, and 36-38.[11]

- U.S. Patent No. 5,933,812 ("Meyer") anticipates claims 1-3, 6-11, 13-14, 17-20, 22, 25-30, 33, and 36-38.[12]

- U.S. Patent No. 5,488,044 ("Price") anticipates claims 1-3, 6-7, 9-14, 17-20, 22, 25-26, 28-31, 33, and 36-38.[13]

---

[5] *See* MicroTrax Omni; Breitzke Rep. at 2.

[6] *See* MicroTrax Pinstripe; Breitzke Rep. at 3.

[7] *See* IBM 4680-4690 EFT Sept. 1995; Breitzke Rep. at 3.

[8] *See* IBM 4680 EFT Dec. 1990; Breitzke Rep. at 3.

[9] *See* IBM 4680 EFT March 1991; Breitzke Rep. at 3

[10] *See* IBM 4680 July 1996; Breitzke Rep. at 3.

[11] *See* Kimizu; Breitzke Rep. at 3.

[12] *See* Meyer; Breitzke Rep. at 3.

[13] *See* Price; Breitzke Rep. at 3.

In addition, the disclosures in the prior art of record and Ms. Breitzke's opinions establish that the four remaining dependent claims (4, 15, 23, and 34), as well as additional dependent claims are rendered obvious as follows:

- U.S. Patent No. 5,732,136 ("Murphree") in combination with each of the above-listed 10 anticipatory references renders claims 4, 15, 23, and 34 obvious.[14]

- U.S. Patent No. 5,577,109 ("Stimson")  in combination with each of the 10 anticipatory references renders claims 5, 16, 24, and 35 obvious.[15]

- International Patent Application No. WO94/28498 ("Nakamura") in combination with each of the above-listed 10 anticipatory references renders claims 5, 16, 24, and 35 obvious.[16]

- U.S. Patent No. 4,722,054 ("Yorozu") in combination with each of the above-listed 10 anticipatory references renders claims 8 and 27 obvious.[17]

- European Patent No. 348 932 B1 ("Takizawa") in combination with each of the above-listed 10 anticipatory references renders claims 8 and 27 obvious.[18]

Due to space limitations, SVS moved for summary judgment on only two of the above-detailed bases: (1) that the MicroTrax Manual anticipates claims 1-3, 5-14, 16-20, 22, 24-31, 33, and 35-38, and (2) that the MicroTrax Manual in combination with Murphree renders the remaining four claims obvious.[19]  Nonetheless, should the case proceed to trial, SVS would present a multitude of bases for invalidating every claim of the '859 patent.

CAT has been unable to dispute the substance of the prior art and Ms. Breitzke's opinions.  Indeed, CAT's own expert, Dr. Jack Grimes, did not even review the relevant prior art references to determine whether the elements of the claims of the '859 patent were present:

---

[14] *See* Murphree; Breitzke Rep. at 3-4.

[15] *See* Stimson; Breitzke Rep. at 4-5.

[16] *See* Nakamura; Breitzke Rep. at 4-5.

[17] *See* Yorozu; Breitzke Rep. at 5-6.

[18] *See* Takizawa; Breitzke Rep. at 5-6.

[19] *See* D.I. 102, SVS's Motion for Summary Judgment.

> Q.     So you didn't independently review the references to determine whether the various claim elements were present; correct?
>
> A.     That is correct. . . .[20]

Dr. Grimes instead only reviewed Ms. Breitzke's reports and attempted to identify "gaps" or "holes."[21]  Accordingly, Dr. Grimes has no opinion on whether the relevant prior art references disclose the elements of the claims of the '859 patent.[22]

## ARGUMENT

Each of the arguments that CAT advances in an attempt to show that SVS cannot carry its burden of proving invalidity lacks merit.  At the very least, SVS has adduced record evidence, in the form of prior art references, lay witness testimony, and expert opinion, establishing that there is at least a genuine issue of material fact as to whether the 36 claims of the '859 patent are invalid.  Indeed, as detailed in SVS's opening brief in support of its motion for summary judgment, the record evidence shows that there is no genuine issue of material fact that all 36 claims of the patent are invalid due to anticipation and obviousness.

---

[20] Grimes Dep. Tr. at 53:23-54:1; *see also* 55:9-15 ("Q. So just to clarify for the record, you did not in fact evaluate whether or not each prior art reference presented by Miss Breitzke contains the claim elements in the patent?  A.  I did not do that analysis, and I do not have any opinion about whether the holes here are actually present in the references or not.").

[21] *Id.* at 53:23-54:22.

[22] *Id.* at 52:20-53:1 ("Q. So it is possible, for example, through keypad data entry with respect to the MicroTrax manual, it is possible this element is in the MicroTrax reference; correct?  A. I don't know.  I mean anything is possible.  I haven't read the reference looking for that.  So I don't know.").

I.      **THE MICROTRAX MANUALS AND IBM USER'S GUIDES QUALIFY AS PRIOR ART**

CAT argues that SVS cannot carry its burden to show that seven of the relevant prior art references qualify as printed publication prior art.[23]   CAT bases its argument on inapplicable authority, and it thus lacks merit.   The record evidence establishes that the seven prior art references qualify as printed publications.   The record evidence also establishes that each of these references provides evidence of prior use of the invention embodied in the '859 patent. Accordingly, CAT's motion on this point should be denied.

A.      **CAT Relies Upon Inapplicable Authority for its Printed Publication Arguments**

Section 102 of the Patent Act provides two grounds for invalidating a patent based upon a printed publication.   Section (a) establishes that a patent is invalid if "the invention was . . . described in a printed publication . . . before the invention thereof by the applicant for patent," and section (b) establishes that a patent is invalid if "the invention was . . . described in a printed publication . . . more than one year prior to the date of the application for patent in the United States."[24]

The Federal Circuit has held that "public accessibility" is the "touchstone" in determining whether a reference is a printed publication.[25]   "A reference is accessible upon a satisfactory showing that such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable

---

[23] *See* CAT's Opening Brief at 11-15.

[24] *See* 35 U.S.C. § 102.

[25] *Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1350 (Fed. Cir. 2008).

diligence, can locate it."[26]  "The decision whether a particular reference is a printed publication must be approached on a case-by-case basis."[27]

CAT argues that public dissemination of a printed publication must be shown by witness testimony and other contemporaneous documentation; this is erroneous.  The Federal Circuit authority upon which CAT relies for this argument applies to allegations that a patent is invalid due to prior public use of the invention.  In these cases, the Federal Circuit has held that witness testimony stating that an invention was publicly used before the critical date of the patent cannot, by itself, invalidate a patent.[28]  Prior public use is a separate statutory basis for invalidating a patent,[29] and such case law has no relevance to a printed publication analysis.

Here, the record evidence establishes that each of the manuals at-issue was disseminated to the interested public before CAT's invention, and thus is prior art.  In an analogous case, *Microstrategy Inc. v. Business Objects Amers.*, this Court held that manuals relating to a product

---

[26] *Id.*(internal citation omitted).

[27] *SRI Int'l, Inc. v. Internet Security Sys., Inc.*, 511 F.3d 1186, 1194-95 (Fed. Cir. 2008) (internal citations omitted).

[28] *See, e.g., Finnigan Corp. v. ITC*, 180 F.3d 1354, 1370 (Fed. Cir. 1999) ("In the end, what we are left with is Jefferts' testimony concerning his alleged public use.  Such evidence is insufficient as a matter of law to establish invalidity of the patent."); *Juicy Whip, Inc. v. Orange Bang, Inc.*, 292 F.2d 728, 743 (Fed. Cir. 2002) (uncorroborated testimony insufficient to prove "prior public use"); *Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1373 (Fed. Cir. 1998) ("In this case, despite the asserted many years of commercial and public use, we take note of the absence of any physical record to support the oral evidence.").

[29] *See* 35 U.S.C. § 102 ("A person shall be entitled to a patent unless - (a) the invention was known or used by others in this country, _or_ patented or described in a printed publication . . .") (emphasis added).

that was used and sold before the date of the relevant patent application qualified as printed publication prior art.[30]

### B. Record Evidence Establishes that the Three MicroTrax Manuals Are Printed Publication Prior Art

CAT seeks summary judgment that three product manuals issued by MicroTrax, Ltd., of Aliso Viejo, California, are not printed publication prior art.[31]  The undisputed record evidence here — including the testimony of Tom Lineck, one of the authors of the manuals — establishes that the manuals qualify as printed publications.

The record evidence establishes that the MicroTrax Manual is printed publication prior art under 35 U.S.C. § 102(a).  The Manual bears a copyright date of 1995,[32] which is before September 18, 1996, the earliest possible invention date for the '859 patent.[33]  Tom Lineck, one of the authors of the MicroTrax Manual, testified at deposition that the MicroTrax Manual was distributed to customers that purchased MicroTrax's electronic payment software.[34]  Mr. Lineck testified that such customers as Petrini's Markets, Fry's Foods, Star Markets, Foodland, Gelsons, Bristol Farms, and Nobhill received the Manual in 1995 or earlier.[35]  Based upon this evidence, Ms. Breitzke has opined that the MicroTrax Manual is printed publication prior art under 35

---

[30] 410 F. Supp. 2d 348, 363 (D. Del. 2006), *aff'd* 238 Fed. Appx. 605 (Fed. Cir. 2007) (holding that the "manuals are themselves prior art and provide clear and convincing evidence sufficient to support a conclusion of invalidity").

[31] Specifically, the three manuals in question have been referred to as the MicroTrax Manual, the MicroTrax Omni, and the MicroTrax Pinstripe.

[32] MicroTrax Manual at SVS000389.

[33] September 18, 1996 is the date of the filing of provisional application No. 60/025,281, which is cited on the face of the '859 patent as a related application.

[34] Lineck Dep. Tr. at 17:9-19 ("When a customer purchased the software, they received a copy of the manual.").

[35] Lineck Dep. Tr. at 18:19-21, 26:15-30:24.

U.S.C. § 102(a).[36]

The record evidence also establishes that the MicroTrax Omni is printed publication prior art under 35 U.S.C. § 102(b). The Omni bears a copyright date of 1994,[37] which is over one year before September 18, 1996. Mr. Lineck testified at deposition that the Omni was distributed to customers that purchased MicroTrax's software for the VeriFone Omni 490 point-of-sale terminal.[38] He further testified that over 500 copies of the software were sold in 1994 and 1995.[39] Based upon this evidence, Ms. Breitzke has opined that the MicroTrax Omni is printed publication prior art under 35 U.S.C. § 102(b).[40]

The record evidence establishes that the MicroTrax Pinstripe is printed publication prior art under 35 U.S.C. § 102(b). The Pinstripe bears a copyright date of 1991,[41] which is over one year before September 18, 1996. Mr. Lineck testified at deposition that the Pinstripe was distributed to customers that purchased MicroTrax's software for the VeriFone Pinstripe point-of-sale terminal.[42] He further testified that copies of the software were sold in 1991 and 1992.[43] Based upon this evidence, Ms. Breitzke has opined that the MicroTrax Omni is printed publication prior art under 35 U.S.C. § 102(b).[44]

---

[36] Breitzke Rep. at 31.

[37] MicroTrax Omni at 58.

[38] Lineck Dep. Tr. at 98:8-99:8; 101:19-23.

[39] *Id.* at 107:3-8.

[40] Breitzke Rep. at 32.

[41] MicroTrax Pinstripe at II.48.

[42] Lineck Dep. Tr. at 107:18-109:13.

[43] *Id.*

[44] Breitzke Rep. at 33.

**C.      Record Evidence Establishes that the Four IBM User's Guides Are Printed Publication Prior Art**

CAT seeks summary judgment that four user's guides issued by IBM are not printed publication prior art.[45]  The record evidence here establishes that the IBM user's guides qualify as printed publications.

IBM 4680 EFT Dec. 1990 is dated December 1990 and bears a copyright date of 1990, the IBM 4680 EFT March 1991 is dated March 1991 and bears a copyright date of 1991, the IBM 4680-4690 EFT Sept. 1995 is dated September 1995 and bears a copyright date of 1995, and the IBM 4680 July 1996 is dated July 1996 and bears a copyright date of 1996.[46]  Each of the IBM user's guides provides detailed instructions to retail store personnel on how to operate the IBM 4680 or 4680-4690 Electronic Funds Transfer payments systems.[47]  It is thus clear that each guide was distributed to purchasers of such IBM software.  Based upon this evidence, Ms. Breitzke has opined that the IBM 4680 EFT Dec. 1990 and IBM 4680 EFT March 1991 are printed publication prior art under 35 U.S.C. § 102(b), and that IBM 4680-4690 EFT Sept. 1995 and IBM 4680 July 1996 are printed publication prior art under 35 U.S.C. § 102(a).[48]

**D.      The MicroTrax Manuals and IBM User's Guides Also Provide Evidence That the '859 Patent is Invalid due to Prior Public Use**

CAT fails to mention in its motion that Ms. Breitzke has opined that the MicroTrax

---

[45] Specifically, the four user's guides in question have been referred to as the IBM 4680-4690 EFT Sept. 1995, the IBM 4680 EFT Dec. 1990, the IBM 4680 EFT March 1991, and the IBM 4680 July 1996.

[46] *See* IBM 4680 EFT Dec. 1990 at ii; IBM 4680 EFT March 1991 at ii; IBM 4680-4690 EFT Sept. 1995 at ii; IBM 4680 July 1996 at ii.

[47] *See* IBM 4680 EFT Dec. 1990 at iii ("This user's guide is for planners, store managers, programmers, and all users of the EFT feature."); IBM 4680 EFT March 1991 at iii; IBM 4680-4690 EFT Sept. 1995 at iii; IBM 4680 July 1996 at ix.

[48] Breitzke Rep. at 33-35.

manuals and IBM User's Guides provide evidence of prior public use of the inventions embodied in the '859 patent under sections 102(a) and (b) of the Patent Act.[49]  More specifically, Ms. Breitzke has opined that the MicroTrax Manual, Omni, and Pinstripe provide evidence that the claims are invalid due to the prior use of the MicroTrax Electronic Payment System, and that the IBM 4680-4690 EFT Sept. 1995, IBM 4680 EFT Dec. 1990, IBM 4680 EFT March 1991, and IBM 4680 July 1996 provide evidence that the claims are invalid due to the prior use of IBM's Electronic Funds Transfer payment system.[50]  Accordingly, even if these seven references do not qualify as printed publication prior art, they would remain admissible as evidence supporting SVS's prior public use contentions.[51]

## II.     CAT HAS FAILED TO SHOW THAT SVS CANNOT MEET ITS BURDEN TO PROVE ANTICIPATION

Each of the arguments that CAT advances in an attempt to show that SVS cannot carry its burden of proving anticipation lacks merit.

### A.     Record Evidence Establishes that the Disclosures of the Prior Art Are Arranged in the Same Way as in the Claims

CAT argues that SVS cannot show that the elements in the prior art are arranged or combined in the same way as in the claims of the '859 patent.[52]  In so arguing, CAT makes the broad, conclusory assertion that Ms. Breitzke "cherry-picked" elements from the prior art and re-arranged them to fit the claims.  This assertion fails to provide a basis for summary judgment on

---

[49] *See* 35 U.S.C. § 102.

[50] *See* Breitzke Rep. at 30-35.

[51] *See Microstrategy Inc.*, 410 F. Supp. 2d at 362-63 (D. Del. 2006) (granting summary judgment of invalidity due to product manuals showing prior public use).  SVS's contention that they MicroTrax manuals and IBM User's Guides are evidence of prior public use is consistent with the Federal Circuit case law requiring documentary evidence to show public use.

[52] *See* CAT's Opening Brief at 3-6.

this issue, as CAT fails to cite any record evidence in support of its assertion with respect to any of the 15 prior art references at issue, except for two brief examples regarding Ms. Breitzke's analysis of the MicroTrax Manual.  The assertion is also belied by Ms. Breitzke's reports, which set forth in detail how the disclosures of the prior art meet the claims on a limitation-by-limitation basis.[53]

The two examples CAT provides with regard to Ms. Breitzke's analysis of the MicroTrax Manual, fail to show that Ms. Breitzke's opinion is lacking.  First, CAT asserts that Ms. Breitzke erred in relying upon statements appearing in different chapters of the MicroTrax Manual. Federal Circuit authority establishes that Ms. Breitzke correctly analyzed the disclosures of the MicroTrax Manual as a whole, as an expert is "not constrained to proceed example-by-example when reviewing an allegedly anticipating reference."[54]  Moreover, CAT's allegation that Ms. Breitzke combined disclosures from the MicroTrax Manual relating to two different point-of-sale terminals (the OMNI 490 and Tranz 340) to meet the "clerk authorization code" limitation of the '859 patent is inaccurate.  Ms. Breitzke actually opined that the disclosures with respect to the OMNI 490 and the disclosures with respect to the Tranz 340 *each separately* anticipate the "clerk authorization code" limitation.[55]

Second, CAT asserts that Ms. Breitzke failed to identify a "computer" or a "card reader communicating with the computer."  This is erroneous.  Ms. Breitzke identified several point-of-sale terminals disclosed in the MicroTrax Manual that meet the "computer" limitation of the '859

---

[53] *See generally* Breitzke Rep. and Breitzke Reb. Rep.

[54] *Net Moneyin, Inc. v. Verisign, Inc.*, 545 F.3d 1359, 1369 n.5 (Fed. Cir. 2008) ("Rather, the court must, while looking at the reference as a whole, conclude whether or not that reference discloses all elements of the claimed invention arranged as in the claim.").

[55] *See* Breitzke Reb. Rep. at 3-5.

patent, including the VeriFone 490, VeriFone Omni 380, VeriFone Tranz 340, IVI T2, IVI T3L, and IVIV2000, and stated that each "is a specialized computer for processing electronic payments."[56]  She further identified a card reader that is disclosed in the MicroTrax Manual, detailed how messages are communicated between the card reader, point-of-sale terminal, and a host data processor (*e.g.*, a bank), and included images from the MicroTrax Manual that explicitly illustrate these disclosures.[57]

In sum, CAT's argument that SVS cannot show that the elements in the prior art are arranged or combined in the same way as in the claims of the '859 patent is unsupported, and thus its motion for summary judgment on this point should be denied.

## B.     The Disclosures of All 15 Prior Art References Are Enabled

CAT also argues that SVS cannot show that the anticipatory prior art is enabled because Ms. Breitzke has not offered an opinion on the issue.[58]  CAT's argument is legally and factually erroneous.

First, Ms. Breitzke is not required to offer an opinion that the prior art references are enabled.  With respect to the four United States patents she relies upon for her anticipation analysis, each is presumed to be enabled.[59]  The seven printed publications she relies upon for her anticipation analysis are also presumed to be enabled.[60]  In the face of this presumption,

---

[56] Breitzke Rep. at 37; Breitzke Reb. Rep. at 8.

[57] Breitzke Rep. at 38-40.

[58] *See* CAT's Opening Brief at 6-7.

[59] *See Impax Labs., Inc. v. Aventis Pharm. Inc.*, 468 F.3d 1366, 1382 (Fed. Cir. 2006) ("when, as here, an accused infringer asserts that either claimed or unclaimed material in a prior art patent anticipates patent claims asserted against it, the infringer is entitled to a presumption that the allegedly anticipating material is enabled").

[60] *See Novo Nordisk Pharm., Inc. v. Bio-Tech. Gen. Corp.*, C.A. 02-332, 2004 U.S. Dist. LEXIS 14960, at *82-83 (D. Del. Aug. 3, 2004) (stating that "[p]rior art references are presumed to be

CAT has put forth no evidence to carry its burden of showing that the anticipatory references are not enabled.

Moreover, the references themselves can provide evidence that they contain enabling disclosures.[61]  As detailed above, the MicroTrax manuals and the IBM user's guides describe the functionality of products that were actually sold to customers over a period of years.  Indeed, Mr. Lineck testified at deposition that hundreds of copies of the MicroTrax software were sold.[62] Given that the MicroTrax manuals and the IBM user's guides provide instructions relating to a product that the public used, common sense indicates that each would teach one of ordinary skill in the art how to carry out the claimed invention without undue experimentation.[63]

Finally, and contrary to CAT's assertion, Ms. Breitzke has offered opinions showing that the anticipatory prior art is enabling.  With respect to the MicroTrax manuals and the IBM user's guides, Ms. Breitzke has detailed how each reference details the operation of a product that was purchased and used by the public.[64]  She further has detailed that the Meyer patent, upon which she relies, describes a product that was sold to and used by the public.[65]

---

enabling," and finding that the patentee failed to meet its burden of showing that the printed publication at issue was not enabling), *aff'd* 424 F.3d 1347, 1356 (Fed. Cir. 2005); *see also SRI Int'l Inc. v. Internet Security Sys., Inc.*, 456 F. Supp. 2d 623, 635 n.25 (D. Del. 2006) (basing in part holding that a printed publication was enabled on the patentee's failure to demonstrate that the reference was not enabled), *aff'd* 511 F.3d 1186, 1198 (Fed. Cir. 2008).

[61] *See SRI Int'l Inc.*, 456 F. Supp. 2d at 635 n.25 (the court's "independent review of the reference" provided a basis for its holding that the prior art reference was enabled).

[62] Lineck Dep. Tr. at 107:3-8.

[63] *See In re Elsner*, 381 F.3d 1125, 1129 (Fed. Cir. 2004) (finding that actual sales of a product described in a publication provides evidence that the disclosures in the publication are enabling).

[64] Breitzke Rep. at 30-35; *see also* Breitzke Rep. at 8 ("VeriFone, NCR and IVI also had PIN pads available during this time.  As discussed below, IVI and VeriFone PIN pads are referenced in the MicroTrax Manual as prior art.").

[65] Breitzke Rep. at 36.

In sum, CAT's argument that SVS cannot show that the anticipatory prior art is enabled is unsupported, and thus its motion for summary judgment on this point should be denied.

### C.  Record Evidence Establishes that 10 Prior Art References Teach the "Clerk Authorization Code" Limitation

As detailed in SVS's opening brief in support of its motion for summary judgment, the Examiner in a recent reexamination of the '859 patent concluded that each limitation found in the independent claims of the '859 patent is disclosed in the prior art except the step of "entering a clerk authorization code for initiating a debit purchase transaction."[66]  CAT argues that SVS cannot establish that this "clerk authorization code" limitation is anticipated.  CAT's argument is belied by the record evidence, including the plain disclosures of 10 prior art references.  And Ms. Breitzke has opined that such disclosures anticipate the "clerk authorization code" limitation.[67]

### 1.  CAT's Arguments Regarding the Recently-Concluded Reexamination Are Contrary to Law and the Record Evidence

CAT asserts that because it submitted the prior art references upon which SVS relies in the recently-concluded '459 reexamination of CAT's patent, SVS cannot show that there is a genuine issue of material fact that the disclosures in the references anticipate the "clerk authorization code" limitation.[68]  CAT's assertion is contrary to Federal Circuit precedent, which holds that "a patent may be found to be anticipated on the basis of a reference that had properly been before the patent examiner . . . at the time of issuance."[69]  Indeed, this Court and others

---

[66] *See* May 27, 2010 O.A. at 3-4.

[67] Breitzke Rep. at 40-41, 43, 45, 48, 50, 52-53, 55, 58; Breitzke Reb. Rep. at 2-8, 10-13, 15-19, 21-24, 26-29, 31-34, 36-39, 41-43, 45-46, 48-49, 51-52.

[68] *See* CAT's Opening Brief at 16-18.

[69] *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1381-83 (Fed. Cir. 2005); *see also Prima Tek II, L.L.C. v. Polygap S.A.R.I.*, 412 F.3d 1284, 1287 (Fed. Cir. 2005) ("Under the

have properly granted summary judgment of anticipation based on a prior art reference that was previously put before the examiner.[70]  For example, in *Rocep Lusol Holdings Limited v. Permatex, Inc.*,[71] this Court explicitly rejected the plaintiff's argument that the asserted claims could not be anticipated by a prior art reference that "was before the examiner during prosecution."[72]  The Court went on to hold that the prior art reference at-issue provided clear and convincing evidence that the claims were anticipated, and granted the defendant's motion for summary judgment.[73]

Moreover, there is no indication here that the examiner appreciated or analyzed the teachings of the 10 prior art references as to the "clerk authorization code."  A third-party filed the reexamination and proposed that claims 20-22, 25-33, and 36-38 of the '859 patent were invalid over a single prior art reference, "Narita."[74]  During the reexamination, CAT submitted the prior art upon which SVS relies in this case to the examiner along with dozens of other prior

---

appropriate standard, the Charrin prior art reference, which was before the examiner during prosecution of the '532 patent, clearly anticipates the asserted claims of the patents in suit.").

[70] *See IPXL Holdings, L.L.C.*, 430 F.3d at 1381-83 (affirming the district court's grant of summary judgment of anticipation based on prior art that was before the examiner); *Rocep Lusol Holdings Ltd. v. Permatex, Inc.*, 470 F. Supp. 2d 448, 456-57 (D. Del. 2007) (granting summary judgment of anticipation based on prior art reference that was before the examiner); *Commissariat A L'Energie Atomique v. Samsung Elecs. Co.*, 524 F. Supp. 2d 520, 534 (D. Del. 2007) (same).

[71] 470 F. Supp. 2d 448 (D. Del. 2007).

[72] *Id.* at 456 ("Rocep also argues that the asserted claims of the '064 patent cannot be anticipated by the '010 PCT publication because that reference was before the examiner during prosecution of the '064 patent.  That assertion, however, is contrary to established precedent.").

[73] *Id.*

[74] May 27, 2010 O.A. at 2 ("The only reference cited in the Request was U.S. Patent No. 5,278,752 to Narita et al.").

art references out of its duty of candor to the Patent Office.[75]  The examiner did not substantively comment on any of the references CAT submitted during the reexamination, and the only evidence that he considered them is the presence of his initials on the bottom of the Information Disclosure Statements that CAT submitted.[76]  Under similar circumstances in in *Rocep*, this Court stated that "[w]hat, if anything, the examiner did to examine [the reference] is not clear from the prosecution history."[77]

Indeed, the same examiner has made statements in a subsequent reexamination of the '859 patent indicating that, in the already concluded '459 reexamination, he did not consider the teachings of the prior art submitted by CAT with regard to the "clerk authorization code."  In this new reexamination, the examiner found that a prior art reference referred to as "Savar" discloses a "clerk authorization code."[78]  The examiner explained that:

> Savar and Narita were both cited in the previous reexamination.  Narita was thoroughly analyzed, but Savar was never discussed on the record.  Thus, there is no indication that the teachings of Savar as to clerk authorization code, or any combination with Narita, were ever considered by the examiner.  Savar was one reference out of 15 pages of references on information disclosure statements initialed with the action mailed 5/27/2010.[79]

In sum, the results of the recently-concluded reexamination do not preclude a finding that the prior art here provides clear and convincing evidence that the "clerk authorization code"

---

[75] *See* Dec. 1 2009 IDS; Feb. 26, 2010 IDS.

[76] *See* Dec. 1 2009 IDS; Feb. 26, 2010 IDS.

[77] *Id.* (noting that the examiner did not comment on the reference at-issue, and the only evidence showing that the prior art reference was considered by the examiner was the examiner's initials appearing on an Information Disclosure Statement.)

[78] Nov. 9, 2010 O.A. at 7.

[79] *Id.* at 8.

limitation is anticipated.[80]

## 2.   SVS Has Not "Misapplied" the Court's Claim Constructions

CAT's argument that Ms. Breitzke has disregarded the Court's claim construction opinion is inaccurate.

With regard to the general "authorization code" limitation of independent claims 20 and 29, Ms. Breitzke has opined that it is anticipated by the combination of the disclosures in the prior art that anticipate (1) the "customer authorization code" limitation and (2) the "clerk authorization code."[81]   The basis for her opinion is that dependent claims 21 and 32 establish that one embodiment of the authorization code is the entry of a clerk authorization code and an customer authorization code:

> 21.   The method according to claim 20, wherein the authorization code entering step comprises the steps of:
>
> entering a customer authorization code for authorizing access to a customer data base of a host processor; and
>
> entering a clerk authorization code for initiating a debit purchase transaction.[82]

The Court's construction for the "authorization code" — "a series of numbers and/or letters, or a

---

[80] CAT's argument that it submitted the invalidity contentions upon which SVS relies in this case and that "there can be no dispute that the Re-Examiner considered" them is erroneous. CAT never submitted the invalidity contentions that SVS provided in this case or Ms. Breitzke's reports to the examiner.  Rather, CAT submitted contentions from another litigation, which differed in many respects from Ms. Breitzke's opinions here.  *See* Breitzke Dep. Tr. at 200:13-201:8.  Moreover, the examiner specifically stated that the contentions were "lined through as not considered," and actually lined through the contentions on the corresponding Information Disclosure Statement, where he noted that "ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH."  *See* Feb. 26, 2010 IDS.

[81] *See, e.g.*, Breitzke Reb. Rep. at 9.

[82] '859 patent at claim 21.

combination thereof, entered via the keypad to establish a communication link with a host data processor" — does not exclude this combination, despite CAT's assertions to the contrary. Indeed, in its opinion on claim construction, the Court recited the basic tenet of patent law that a claim construction that excludes a disclosed embodiment is "rarely the correct interpretation."[83] Given the Court's recognition of this tenet, CAT's position that the Court excluded an embodiment of the "authorization code" claimed in dependent claims 21 and 32 from the construction of that term is erroneous.[84]

Ms. Breitzke has also opined that certain disclosures in the prior art anticipate both the "customer authorization code" limitation and the "authorization code" limitation. For example, with respect to the MicroTrax Manual, Ms. Breitzke has opined that the entry of a personal identification number ("PIN") satisfied both limitations.[85] The Court's claim constructions do not preclude this opinion. Indeed, the examiner in the recently-concluded reexamination found that the entry of a PIN in Narita satisfied both the "customer authorization code" limitation and the "authorization code" limitation.[86]

With regard to CAT's argument that Ms. Breitzke has ignored the Court's construction of "debit purchase transactions," CAT fails to identify the specific opinions that it is questioning.[87] Accordingly, CAT provides no basis for the Court to grant CAT summary judgment on this

---

[83] *Id.* at 6, citing *Osram GmbH v. Int'l Trade Comm'n*, 505 F.3d 1351, 1358 (Fed. Cir. 2007).

[84] Furthermore, CAT's recitation of its position at claim construction is inaccurate. CAT asserts in its motion that it proposed at claim construction that the general "authorization code" was "wholly distinct" from the "customer authorization code" and the "clerk authorization code." *See* CAT's Opening Brief at 19. Rather, CAT affirmatively argued in its claim construction briefing that "the 'authorization code' could be a customer code, clerk code . . . ." D.I. 46 at 12.

[85] *See, e.g.*, Breitzke Reb. Rep. at 9.

[86] May 27, 2010 O.A. at 6-7.

[87] *See* CAT's Opening Brief at 21 (only identifying "many" of Ms. Breitzke's opinions).

issue.  Moreover, the Court was not asked to, nor did it, exclude returns, voids, and crediting transactions from the scope of "debit purchase transactions."

In sum, CAT's argument that Ms. Breitzke has improperly ignored the Court's claim constructions is unsupported.

## III.   CAT HAS FAILED TO SHOW THAT SVS CANNOT MEET ITS BURDEN TO PROVE OBVIOUSNESS

Each of the arguments that CAT advances in an attempt to show that SVS cannot carry its burden of proving obviousness lacks merit.

### A.   Record Evidence Establishes a Reasonable Expectation of Success for the Obviousness Combinations

CAT argues that SVS cannot show that a person having ordinary skill in the art would have perceived a reasonable expectation of success in making the invention in light of the prior art because Ms. Breitzke has not offered an opinion on the issue.[88]  CAT's argument is legally and factually erroneous.

Controlling Federal Circuit authority establishes that a reasonable expectation of success may be shown by "logic, judgment, and common sense, in lieu of expert testimony."[89]  Indeed, the Federal Circuit has also made clear that expert testimony on a reasonable expectation of success is "not required when the references and the invention are easily understandable."[90]

---

[88] *See* CAT's Opening Brief at 6-7.

[89] *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1239 (Fed. Cir. 2010) ("It is simply a matter of common sense that the sleeve used in Down, in a towing attachment quite similar to a hitch receiver/tow bar arrangement, could be combined with a barbell shaped hitch pin lock in order to address the known problem of different aperture sizes in standard hitch receivers and the shelf-space problem experienced by retailers."); *see also Perfect Web Techs., Inc. v. Info USA, Inc.*, 587 F.3d 1324, 1329 (Fed. Cir. 2009) and *Ball Aerosol & Specialty Container, Inc. v. Limited Brands, Inc.*, 555 F.3d 984, 993 (Fed. Cir. 2009).

[90] *Wyers*, 616 F.3d at 1242.

Common sense, rather than expert testimony, is all that is needed here. By way of example, claims 4, 15, 23, and 34 of the '859 patent disclose methods for activating and processing phone cards at the point-of-sale.[91]  SVS believes that these claims are rendered obvious by the combination of the MicroTrax Manual and Murphree. The Murphree patent discloses a method for activating and processing phone cards on a point-of-sale terminal.[92]  The MicroTrax Manual discloses a point-of-sale terminal and system for completing transactions on it.[93]  Common sense indicates that one of ordinary skill in the art would perceive a reasonable expectation of success in combining the method for using a point-of-sale terminal in Murphree with the point-of-sale terminal disclosed in the MicroTrax Manual.

Even if anything more than common sense were necessary, Ms. Breitzke has provided opinions showing that one of ordinary skill in the art would perceive a reasonable expectation of success in making the invention through the proposed obviousness combinations. By way of example, Ms. Breitzke details how the point-of-sale terminals in each of 10 references would be capable of performing the encryption and decryption actions disclosed in Murphree.[94]

In sum, CAT's argument that SVS cannot show that a person having ordinary skill in the art would have perceived a reasonable expectation of success in making the invention in light of

---

[91] '859 patent at claims 4, 15, 23, and 34.

[92] Murphree at 1:7-9, 1:40-51, 5:46-47.

[93] MicroTrax Manual at 2-14.

[94] Breitzke Rep. at 137-171. And contrary to CAT's allegation, Ms. Breitzke did not admit at her deposition that she is unaware that a reasonable expectation of success must be shown to prove obviousness. Indeed, in the excerpt from her deposition upon which CAT relies, Ms. Breitzke specifically referred to the information in her report as providing her obviousness opinions. *See* CAT's Motion at 8. And as detailed, her report includes opinions showing that one of ordinary skill in the art would perceive a reasonable expectation of success in making the invention through the proposed obviousness combinations.

the prior art is unsupported, and thus its motion for summary judgment on this point should be denied.

### B.    Ms. Breitzke's Opinions Regarding the Obviousness of the Independent Claims Are Admissible

CAT argues that SVS cannot show that independent claims 1, 10, 20, and 29 are obvious because Ms. Breitzke's opinions on the issue are inadmissible.[95]  This argument lacks merit for three reasons.

First, the Court has already held that Ms. Breitzke's opinions as to the obviousness of the independent claims are admissible.  CAT moved to strike Ms. Breitzke's rebuttal report on the basis that it included new opinions, including her opinions as to the obviousness of the independent claims.[96]  The Court ruled that the rebuttal report did not contain impermissible new opinions, and stated that Ms. Breitzke's testimony on the obviousness of the independent claims "would be appropriate testimony in a deposition or trial."[97]

Second, in arguing that Ms. Breitzke's opinions are conclusory, CAT improperly divorces Ms. Breitzke's opinions on the obviousness of the independent claims from the extensive analysis and opinions expressed by Ms. Breitzke regarding the anticipation of the independent claims by the same prior art references.  For example, the excerpt that CAT cites from Ms. Breitzke's rebuttal report regarding the MicroTrax Manual appears at the close of seven pages of analysis regarding the disclosures of the MicroTrax Manual.[98]  Taken in context, Ms. Breitzke's obviousness opinions refer to and find support in her anticipation opinions

---

[95] *See* CAT's Opening Brief at 9-11.

[96] *See* D.I. 86.

[97] D.I. 89, Order, at 3.

[98] *See* Breitzke Reb. Rep. at 2-10.

regarding the same references.[99]

Third, CAT's complaints regarding the allegedly conclusory nature of Ms. Breitzke's obviousness opinions pertain to the weight that should be accorded to her opinion, rather than its admissibility.  Such complaints can be addressed on cross-examination, and do not provide grounds to exclude the proffered opinions.[100]

In sum, CAT's argument that Ms. Breitzke's opinions as to the obviousness of the independent claims are inadmissible is unsupported, and thus its motion for summary judgment on this point should be denied.

## CONCLUSION

As detailed herein, CAT has failed to establish that SVS cannot meet its burden to prove that the '859 patent is invalid due to anticipation and obviousness.  SVS thus respectfully requests that the Court deny CAT's motion for summary judgment.

---

[99] Ms. Breitzke's inclusion of detailed analysis of the art in comparison to the elements of the claims renders the circumstances here distinguishable from those in the cases CAT relies upon. *See Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1373 (Fed. Cir. 2008) ("Dr. Patterson merely lists a number of prior art references and then concludes with the stock phrase 'to one skilled in the art it would have been obvious to perform the genotyping method."); *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1325 (Fed. Cir. 2005) (the expert failed to even match the disclosures in the prior art to the elements of the claims).

[100] *McKesson Automation, Inc. v. Swisslog Holding AG*, C.A. 06-28, 2009 U.S. Dist. LEXIS 103665, at *132 (D. Del. Oct. 30, 2009) (declining to exclude expert testimony on obviousness because the plaintiff's concerns that the testimony was "conclusory" went to "the weight a factfinder" should afford it, "not the admissibility of that opinion"); *see also Astrazeneca LP v. TAP Pharm. Prods., Inc.*, 444 F. Supp. 2d 278, 288 (D. Del. 2006) (holding that the "criticisms that Astrazeneca has raised can sufficiently be addressed on cross-examination"); *Don's Hydraulics, Inc. v. Colony Ins. Co.*, 417 F. Supp. 2d 601, 609 (D. Del. 2006) ("contrary to Tipco's assertions, each of its concerns may . . . be appropriately raised during cross-examination").

Respectfully submitted,


POTTER ANDERSON & CORROON LLP


OF COUNSEL:                          By:   _/s/ David E. Moore_____
                                           Richard L. Horwitz (#2246)
Alan M. Fisch                              David E. Moore (#3983)
Jason F. Hoffman                           Hercules Plaza, 6th Floor
Coke Morgan Stewart                        1313 N. Market Street
R. William Sigler                          Wilmington, DE  19899
KAYE SCHOLER LLP                           Tel:  (302) 984-6000
The McPherson Building                     rhorwitz@potteranderson.com
901 Fifteenth Street, N.W.                 dmoore@potteranderson.com
Washington, D.C.  20005-2327
Tel:  (202) 682-3500
alan.fisch@kayescholer.com           *Attorneys for Plaintiff*
jason.hoffman@kayescholer.com        *Stored Value Solutions, Inc.*
coke.stewart@kayesscholer.com
bill.sigler@kayescholer.com

Dated:  January 14, 2011

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on January 14, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on January 14, 2011, the attached document was Electronically Mailed to the following person(s):

Jack B. Blumenfeld
Julia Heaney
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
j heaney@mnat.com

Mark J. Peterson
Nora M. Kane
Stinson Morrison Heckler LLP
1299 Farnam Street, Suite 1500
Omaha, NE 68102
mpeterson@stinson.com
nkane@stinson.com

J. David Wharton
Stinson Morrison Heckler LLP
1201 Walnut Street, Ste. 2900
Kansas City, MO 64106
dwharton@stinson.com

Mark D. Roth
Orum & Roth, LLC
53 W. Jackson Boulevard, Suite 1616
Chicago, IL 60604
markdroth@gmail.com

_____/s/ David E. Moore_____
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com