**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| STORED VALUE SOLUTIONS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 09-495-KAJ |
| | ) | |
| CARD ACTIVATION TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**STORED VALUE SOLUTIONS, INC.'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

POTTER ANDERSON & CORROON LLP
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

Alan M. Fisch
Jason F. Hoffman
Coke Morgan Stewart
R. William Sigler
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, N.W.
Washington, D.C. 20005-2327
Tel: (202) 682-3500

*Attorneys for Plaintiff
Stored Value Solutions, Inc.*

Dated: January 24, 2011

# TABLE OF CONTENTS

SUMMARY OF THE ARGUMENT ...........................................................................................1

ARGUMENT ...........................................................................................................................2

I.   CAT FAILS TO COUNTER SVS'S SHOWING THAT ALL 36 CLAIMS ARE INVALID IF THE MICROTRAX MANUAL DISCLOSES A "CLERK AUTHORIZATION CODE" ...............................................................................2

II.  CAT FAILS TO BRING FORTH ANY RELIABLE EVIDENCE TO COUNTER SVS'S SHOWING THAT THE MICROTRAX MANUAL TEACHES A "CLERK AUTHORIZATION CODE" .......................................................3

     A.   The "Checker ID" Teaches A "Clerk Authorization Code" ...................................3

     B.   The "Manager's ID Number" Teaches a "Clerk Authorization Code" ...............................................................................................................7

III. EACH OF CAT'S OTHER ARGUMENTS FAILS TO CREATE A GENUINE ISSUE OF MATERIAL FACT...........................................................8

     A.   CAT's Arguments Regarding the Recently-Concluded Reexamination Are Contrary to Law and the Record Evidence............................9

     B.   The MicroTrax Manual Is Prior Art.......................................................................10

     C.   CAT Ignores the Undisputed Facts in Arguing that the Disclosures of the MicroTrax Manual Are Not Arranged in the Same Way as in the Claims ...............................................................................................................11

     D.   The Disclosures of the MicroTrax Manual Are Enabled......................................12

     E.   CAT Ignores the Undisputed Facts in Arguing that SVS Has Failed to Show a Reasonable Expectation of Success ......................................................13

     F.   SVS Has Not "Misapplied" the Court's Claim Constructions..............................14

CONCLUSION.......................................................................................................................15

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ................................................................................................................ 2

*Carella v. Starlight Archery & Pro Line Co.*,
   804 F.2d 135 (Fed. Cir. 1986) ............................................................................................. 10

*Finnigan Corp. v. ITC*,
   180 F.3d 1354 (Fed. Cir. 1999) ........................................................................................... 10

*In re Elsner*,
   381 F.3d 1125 (Fed. Cir. 2004) ........................................................................................... 13

*IPXL Holdings, L.L.C. v. Amazon.com, Inc.*,
   430 F.3d 1377 (Fed. Cir. 2005) ............................................................................................. 9

*Juicy Whip, Inc. v. Orange Bang, Inc.*,
   292 F.2d 728 (Fed. Cir. 2002) ............................................................................................. 10

*Microstrategy Inc. v. Business Objects Amers.*,
   410 F. Supp. 2d 348 (D. Del. 2006),
   *aff'd* 238 Fed. Appx. 605 (Fed. Cir. 2007) ......................................................................... 6

*Microstrategy Inc. v. Business Objects Amers.*,
   410 F. Supp. 2d 348 (D. Del. 2006),
   *aff'd* 238 Fed. Appx. 605 (Fed. Cir. 2007) ....................................................................... 11

*Neutrino Dev. Corp. v. Sonosite, Inc.*,
   337 F. Supp. 2d 942 (S.D. Tex. 2004) ............................................................................... 10

*Novo Nordisk Pharm., Inc. v. Bio-Tech. Gen. Corp.*,
   C.A. No. 02-332, 2004 U.S. Dist. LEXIS 14960 (D. Del. Aug. 3, 2004),
   *aff'd* 424 F.3d 1347 (Fed. Cir. 2005) ................................................................................. 12

*Orion IP, LLC v. Hynudai Motor Am.*,
   605 F.3d 967 (Fed. Cir. 2010) ............................................................................................. 11

*Osram GmbH v. Int'l Trade Comm'n*,
   505 F.3d 1351 (Fed. Cir. 2007) ........................................................................................... 15

*Prima Tek II, L.L.C. v. Polygap S.A.R.I.*,
   412 F.3d 1284 (Fed. Cir. 2005) ............................................................................................. 9

*SRI Int'l Inc. v. Internet Sec. Sys., Inc.*,
    456 F. Supp. 2d 623 (D. Del. 2006),
    *aff'd* 511 F.3d 1186 (Fed. Cir. 2008) ............................................................ 12

*The Johns Hopkins Univ. v. Datascope Corp.*,
    543 F.3d 1342 (Fed. Cir. 2008) ...................................................................... 7

*Union Carbide Corp. v. American Can Co.*,
    724 F.2d 1567 (Fed. Cir. 1984) ...................................................................... 5

*Woodland Trust v. Flowertree Nursery, Inc.*,
    148 F.3d 1368 (Fed. Cir. 1998) ...................................................................... 10

*Wyers v. Master Lock Co.*,
    616 F.3d 1231 (Fed. Cir. 2010) ...................................................................... 13

## STATUTES

35 U.S.C. § 102 ........................................................................................................ 10, 11

## TABLE OF EXHIBITS

**Exhibits**                                                                                     **Short Cite**

Declaration of Lori Breitzke (D.I. 104) ............................................................................"Breitzke Decl."

    Ex. A to Breitzke Decl. - Breitzke Report ......................................................................"Breitzke Rep."

    Ex. B to Breitzke Decl. - Breitzke Rebuttal Report ................................................ "Breitzke Reb. Rep."


Dec. 17, 2010 Declaration of R. William Sigler (D.I. 105) ................................... "12-17-2010 Sigler Decl."

    Ex. A to 12-17-10 Sigler Decl. - U.S. Patent No. 6,032,859 ............................................. "'859 Patent"

    Ex. B to 12-17-10 Sigler Decl. - 859 Patent Reexamination Certificate ................ "'859 Reexam. Cert."

    Ex. C to 12-17-10 Sigler Decl. - May 27, 2010 Office Action ..............................."May 27, 2010 O.A."

    Ex. D to 12-17-10 Sigler Decl. - June 10, 2010 Response to Office Action ...................."Resp. to O.A."

    Ex. E to 12-17-10 Sigler Decl. - U.S. Patent No. 5,732,136...................................................."Murphree"

    Ex. F to 12-17-10 Sigler Decl. - November 9, 2010 Office Action ........................."Nov. 9, 2010 O.A."

    Ex. G to 12-17-10 Sigler Decl. - Jack Grimes Rebuttal Report................................"Grimes Reb. Rep."


  Dec. 17, 2010 Declaration of Jason F. Hoffman (D.I. 106)................................................"Hoffman Decl."

    Ex. A to 12-17-10 Hoffman Decl. - Tom. Lineck Dep. Transcript (Excerpts) ............ "Lineck Dep. Tr."

      Ex. 4 to Ex. A - MicroTrax Manual .................................................................."MicroTrax Manual"


SVS's Opening Br. in Support of its Motion for Summary Judgment (D.I. 103)........."SVS's Opening Br."

SVS's Answering Br. to CAT's Motion for Summary Judgment (D.I. 118)..........."SVS's Answering Br."

CAT's Answering Br. to SVS's Motion for Summary Judgment (D.I. 123)..........."CAT's Answering Br."

## TABLE OF EXHIBITS

<u>**Exhibits**</u>                                                                                               <u>**Short Cite**</u>

Jan. 24, 2011 Declaration of R. William Sigler ..................................................... "1-24-2011 Sigler Decl."

    Ex. A to 1-24-2011 Sigler Decl. - CAT's Answers to
      Barnes & Noble, Inc.'s First Set of Interrogatories ...................... "CAT's Ans. to B&N Interrogs."

    Ex. B to 1-24-2011 Sigler Decl. - CAT's Contentions as to Infringed Claims ............... "CAT's Cont."

    Ex. C to 1-24-2011 Sigler Decl. - U.S. Patent No. 5,221,838 ................................................ "Gutman"

    Ex. D to 1-24-2011 Sigler Decl. - L. Breitzke Deposition Transcript (Excerpts) "L. Breitzke Dep. Tr."

    Ex. E to 1-24-2011 Sigler Decl. - J. Grimes Deposition Transcript (Excerpts) ...... "J. Grimes Dep. Tr."

      Ex. 39 to Ex. E - September 26, 2008 Decl. of J. Grimes ..................................... "J. Grimes Decl."

## SUMMARY OF THE ARGUMENT

The Court need only decide a single issue to resolve this case:

The claims of the '859 patent are invalid upon a finding that the MicroTrax
Manual discloses a "clerk authorization code." SVS has set forth evidence
showing that two separate disclosures in the MicroTrax Manual each teach a
"clerk authorization code." CAT has failed to bring forth any evidence sufficient
to create a genuine dispute of fact as to whether either the "Checker ID" or the
"Manager's ID Number" in the MicroTrax Manual teaches a "clerk authorization
code." Should the Court grant summary judgment that the claims are invalid?

The answer is "yes." In response to the specific evidence that SVS put forth showing that

the MicroTrax Manual discloses a "clerk authorization code," the only evidence CAT cites is the

testimony of its expert, Dr. Jack Grimes. Dr. Grimes, however, did not review the MicroTrax

Manual to determine if the elements of the claims of the '859 patent are present.[1] And Dr.

Grimes's testimony is inconsistent with both his opinions in other cases as well as CAT's

infringement positions in those cases.[2] Dr. Grimes's opinions are thus insufficient to create a

genuine issue of material fact.

CAT commits other indiscretions in the attorney arguments advanced in its brief. CAT

ignores the plain disclosures of the prior art, crops quotes from the evidence, misstates Federal

Circuit authority, and contradicts its own expert's deposition testimony.[3] Such attorney

arguments are also insufficient to create a genuine issue of material fact.

Because CAT has failed to come forward with any evidence that would create a genuine

issue of material fact, summary judgment is appropriate.

---

[1] Grimes Dep. Tr. at 53:23-54:1 ("Q. So you didn't independently review the references to
determine whether the various claim elements were present; correct? A. That is correct. . . .").

[2] *See infra*, 6-7. In addition, this Court has previously found Dr. Grimes's testimony
inconsistent: "The subsequent declaration Grimes filed in the instant action . . . is inconsistent
with his prior declaration." (D.I. 61, Rep. and Recomm. Regarding Claim Construction, at 14.)

[3] *See infra*, 4, 7, 10-11, 13.

## ARGUMENT

I.  **CAT FAILS TO COUNTER SVS'S SHOWING THAT ALL 36 CLAIMS ARE INVALID IF THE MICROTRAX MANUAL DISCLOSES A "CLERK AUTHORIZATION CODE"**

SVS, in its opening brief, set forth 172 statements of fact in support of its motion, with citation to the record evidence supporting each of these facts.[4]  Once SVS offered this proof, it was CAT's burden to "come forward with specific facts showing [a] genuine issue for trial."[5]  In its answering brief, CAT states that it disputes many of the 172 statements of fact supporting SVS's motion for summary judgment.[6]  CAT, however, only brought forth purported "evidence" to dispute that the MicroTrax Manual allegedly does not disclose one limitation of the independent claims — a "clerk authorization code."  Indeed, CAT failed to bring forth any specific facts to dispute SVS's showing that:

- The Examiner in a recent reexamination of the '859 patent concluded that every limitation found in the independent claims of the '859 patent is disclosed in the prior art except the step of "entering a clerk authorization code for initiating a debit purchase transaction."  (*See* SVS's Opening Br. at Facts ¶ 6; p. 25.)

- The MicroTrax Manual teaches all of the other limitations of the independent claims.  (*See* SVS's Opening Br. at Facts ¶¶ 17-58, 91-96, 120-124, 137-138; p. 25.)

- The MicroTrax Manual teaches every additional limitation of dependent claims 2-3, 5-9, 11-14, 16-19, 22, 24-28, 30-31, 33, and 35-38.  (*See* SVS's Opening Br. at Facts ¶¶ 59-65, 66-90, 97-104, 105-119, 125-126, 127-136, 139-142, 143-144, 145-152; p. 28.)

- Murphree teaches every additional limitation of dependent claims 4, 15, 23, and 34.  (*See* SVS's Opening Br. at Facts ¶¶ 153-172; p. 28-29.)

- One of ordinary skill in the art would have been motivated to combine the teachings of the MicroTrax Manual and Murphree, and there are no secondary considerations of nonobviousness.  (*See* SVS's Opening Br. at p. 30.)

---

[4] *See* SVS's Opening Br. at Facts ¶¶ 1-172.

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[6] *See* CAT's Answering Br. at 5.

CAT thus fails to satisfy its burden of showing a genuine issue for trial on any of these issues. Accordingly, the Court may dispose of the entire case upon a finding that the MicroTrax Manual discloses a "clerk authorization code." And as detailed *infra,* CAT's "evidence" regarding the "clerk authorization code" is insufficient to create a genuine issue of material fact.

## II.   CAT FAILS TO BRING FORTH ANY RELIABLE EVIDENCE TO COUNTER SVS'S SHOWING THAT THE MICROTRAX MANUAL TEACHES A "CLERK AUTHORIZATION CODE"

In its opening brief, SVS detailed two separate disclosures in the MicroTrax Manual that each teach a "clerk authorization code" – a "checker ID" and a "manager's ID number."[7] In its answering brief, CAT fails to set forth any evidence that creates a genuine issue of material fact as to whether each disclosure separately teaches a "clerk authorization code."

### A.   The "Checker ID" Teaches A "Clerk Authorization Code"

In arguing that the "checker ID" does not anticipate the "clerk authorization code" limitation, CAT ignores the Court's claim construction. The Court's claim construction only requires the "clerk authorization code" to "*permit[]* the initiation of a debit purchase transaction."[8] CAT ignores the word "permit" in arguing that the "checker ID" does not anticipate the "clerk authorization code" limitation because it is not "entered to initiate a debit purchase transaction."[9] CAT ignores this key element of the Court's claim construction — which CAT actually proposed and SVS agreed to[10] — because the MicroTrax Manual plainly discloses that the "checker ID" permits the initiation of a debit purchase transaction. Indeed, CAT admits that the "checker ID" "makes the terminal ready to accept transactions" and "allows

---

[7] *See* SVS's Opening Br. at Facts ¶¶ 42-50; pp. 25-28.

[8] *See* SVS's Opening Br. at Fact ¶ 43 (emphasis added).

[9] CAT's Answering Br. at 24.

[10] *See* D.I. 47, SVS's Responsive *Markman* Br., at 27.

the terminal to accept electronic payments."[11]

Moreover, CAT has accused SVS's customers in other cases of infringing the "clerk authorization code" limitation by entering a code to "allow transactions including debit purchase transactions."  In its infringement action against SVS's customer Barnes & Noble, Inc., which has been stayed pending the outcome here, CAT has asserted that Barnes & Noble infringes the "clerk authorization code" limitation by entering a "code, which may include code at start of day/shift/turn at register, to allow transactions including debit purchase transactions."[12]  CAT's accusation that such a code infringes the "clerk authorization code" limitation is directly at odds with its argument here that the "checker ID" — which is also entered at the beginning of the clerk's turn at the register and "allows the terminal to accept electronic payments" including debit purchase transactions — does not anticipate the same limitation.

CAT also argues that the MicroTrax Manual does not disclose that the "checker ID" is

---

[11] CAT's Answering Br. at 24.  CAT also argues for the first time that the "checker ID" is analogous to a disclosure in the Gutman reference that the examiner reviewed during the initial examination, and as a result, the "checker ID" cannot be a "clerk authorization code."  This argument is based upon a cropped quote from the disclosure in Gutman, and is thus erroneous.  CAT represents that the Gutman patent discloses a "password entered before proceeding with [other] functions of the device."  (*See* CAT's Answering Br. at 23.)  The portion of Gutman that CAT purports to quote actually discloses "a password to be entered *by a user* before proceeding with functions of the device."  (Gutman at 7:66-68 ("Second, access to the electronic wallet 100 may be secured by requiring a password to be entered by a user before proceeding with functions of the device.").)  In the context of the Gutman patent, the "user" (*i.e.*, "customer") is distinguished from the "operator" (*i.e.*, "clerk").  (*Id.* at 8:2-6 ("a user may arrange with an operator of the communication system to send an access control message to the electronic wallet"); 8:13-18 ("a user may return the device to the communication system operator to restore user access to functions of the electronic wallet 100").)  Whether CAT purposefully omitted portions of the quoted excerpt or not, the conclusion is the same — the "checker ID" from the MicroTrax Manual which is indisputably entered by a clerk, is in no way analogous to the "password" disclosed in Gutman, which is indisputably entered by the customer.

[12] CAT's Ans. to B&N Interrogs. at 3-4.  Similarly, in CAT's infringement action against another SVS customer, Toys "R" Us, Inc., CAT has asserted that Toys "R" Us infringes the "clerk authorization code" limitation by entering an "authorization code at start of shift/time at register to allow transactions including debit purchase transactions."  CAT's Cont. at 3.

entered during a debit purchase transaction.[13]   This argument ignores fact number 47 in SVS's

opening brief, which states "47. The MicroTrax Manual discloses entering the 'checker ID' is the

first step in performing debit transactions, including 'ATM Purchase,'" and cites to page 3-14 of

the MicroTrax Manual as support.   Page 3-14 includes a "Cheat Sheet" for clerks to use in

performing transactions, including "ATM or Credit Purchase" transactions.[14]   The first step on

this "Cheat Sheet" is "1. Checker – Enters his/her checker ID number on the Tranz 340 Checker

display."[15]   CAT's argument also ignores fact number 48 in SVS's opening brief, which states

that Tom Lineck confirmed that the entry of the "checker ID" is the first step in performing each

of the transactions disclosed in the MicroTrax Manual.[16]   Because CAT's argument ignores the

record evidence, it is insufficient to create a genuine issue of material fact.   Under similar

circumstances, this Court held in *Rocep Lusol Holdings Limited v. Permatex, Inc.* that an

argument "flatly inconsistent with the prior art itself" is "insufficient to create a genuine issue of

fact for trial."[17]

     CAT further argues that Dr. Grimes's opinion that the "clerk authorization code" is not

---

[13] CAT's Answering Br. at 24-25.

[14] *See* MicroTrax Manual at 3-14.

[15] *Id.*   In addition to transactions on the Tranz 340 device, the MicroTrax also describes the entry of the "checker ID" as the first step for all of the transactions performed on the Omni 490 point-of-sale terminal device, including "ATM/Bank Card Purchase."   Chapter 2 of the MicroTrax Manual describes transactions on the Omni 490, and at page 2-7 of that chapter, it states that the entry of the "checker ID" "opens the lane equipment and allows the terminal to accept electronic payments."   At page 2-15, the MicroTrax Manual discloses as the first step in an ATM/Bank Card Purchase that the "terminal is open and ready to accept transactions," thus inherently disclosing that the "checker ID" has been entered.

[16] SVS's Opening Br. at ¶ 48, citing Lineck Dep. Tr. at 53:7-22, 76:11-77:6, 65:16-66:11.

[17] *See* 470 F. Supp. 2d 448, 455-56 (D. Del. 2007) (granting summary judgment of anticipation); *see also Union Carbide Corp. v. American Can Co.*, 724 F.2d 1567, 1572 (Fed. Cir. 1984) (holding that an expert's affidavit that ignored the evidence did not create a fact issue).

disclosed in the MicroTrax Manual precludes summary judgment.  Dr. Grimes's opinion fails to

create a genuine issue of material fact for two reasons.  First, Dr. Grimes did not review the

MicroTrax Manual to determine whether the elements of the claims were present:

> Q.      So you didn't independently review the references to determine
>          whether the various claim elements were present; correct?
>
> A.      That is correct. . . .[18]

Dr. Grimes instead only reviewed Ms. Breitzke's reports and attempted to identify

"gaps," and admitted that he has no opinion on whether the MicroTrax Manual discloses the

elements of the claims.[19]  Under similar circumstances, this Court in *Microstrategy Inc. v.*

*Business Objects Amers.* held that a report from an expert witness "who admittedly did not

review the [prior art references] in their entirety" was "insufficient to raise an issue for trial."[20]

Second, as with his opinion at claim construction,[21] Dr. Grimes's opinion on anticipation is

inconsistent with his opinion in another case.   In CAT's infringement case against the TJX

Companies, Dr. Grimes submitted a declaration wherein he stated that "the clerk's authorization

code could be entered by the clerk's manager at the beginning of a shift."[22]  Dr. Grimes's

opinion here that the entry of a "checker ID" at the beginning of a shift to allow transactions to

---

[18] Grimes Dep. Tr. at 53:23-54:1; *see also* 55:9-15 ("Q. So just to clarify for the record, you did not in fact evaluate whether or not each prior art reference presented by Miss Breitzke contains the claim elements in the patent?  A.  I did not do that analysis, and I do not have any opinion about whether the holes here are actually present in the references or not.").

[19] *Id.* at 53:23-54:22, 52:20-53:1 ("Q. So it is possible, for example, through keypad data entry with respect to the MicroTrax manual, it is possible this element is in the MicroTrax reference; correct?  A. I don't know.  I mean anything is possible.  I haven't read the reference looking for that.  So I don't know.").

[20] 410 F. Supp. 2d 348, 363 (D. Del. 2006), *aff'd* 238 Fed. Appx. 605 (Fed. Cir. 2007) (granting summary judgment of anticipation).

[21] *See* D.I. 61, Report and Recommendation Regarding Claim Construction, at 14.

[22] J. Grimes Decl. at 14.

occur is at odds with this earlier opinion, and thus it should be disregarded.[23]

### B. The "Manager's ID Number" Teaches a "Clerk Authorization Code"

CAT first argues that the "manager's ID number" cannot be a "clerk authorization code" because it is entered by a manager rather than a clerk.[24]  CAT's argument directly contradicts the testimony of Dr. Grimes, CAT's own expert.  Although he included this same argument in his reports, upon being shown his declaration in the TJX case wherein he stated that "the clerk's authorization code could be entered by the clerk's manager," Dr. Grimes testified that a manager may enter the "clerk authorization code."[25]  Dr. Grimes's admission, coupled with his failure to independently review the MicroTrax Manual, renders his opinion that the "manager's ID number" does not satisfy the "clerk authorization code" limitation insufficient to create a genuine issue of material fact.

CAT also argues that the "manager's ID number" is only used in return and void transactions, and thus cannot meet the "clerk authorization code" limitation.  CAT's argument is based upon the faulty contention that the Court excluded returns, voids, and crediting transactions from the scope of "debit purchase transactions."  The Court was not asked to, nor

---

[23] *See The Johns Hopkins Univ. v. Datascope Corp.*, 543 F.3d 1342, 1349 (Fed. Cir. 2008) (reversing the district court's judgment of infringement because the district court improperly relied upon the plaintiff's expert's testimony, which was "contradictory" to other testimony offered by the same expert).

[24] *See* CAT's Answering Br. at 26-27.

[25] Grimes Dep. Tr. at 90:5-91:8 ("Q. So you agree that a clerk's manager can act as a clerk with respect to entering a clerk authorization code? A. Well, anyone can act as a clerk. I mean, the idea is that the clerk's code is entered. The claim term doesn't specify -- it just specifies that the clerk enters the series of numbers. So the manager, anyone could be acting as the clerk. But the clerk has to enter the numbers. So if the manager is acting as the clerk, number one; number two, then it has to also allow a purchase transaction to begin, it has to initiate the debit purchase transaction.").

did it, exclude such transactions from the scope of "debit purchase transactions."[26]  Instead, as the Court explained in its claim construction Order, the parties dispute only concerned whether a "debit purchase transaction" included "ATM card transactions."[27]  The MicroTrax Manual itself shows that a return is a "debit purchase transaction," as it lists "ATM Card Return" among the "types of electronic purchases."[28]  Furthermore, the '859 patent includes a method for crediting the value of a debit card as a "debit purchase transaction."  Dependent claim 5 further describes the "method for processing debit purchase transactions" disclosed in claim 1 by reciting additional steps for crediting a debit card.[29]  This crediting method is analogous to a debit card return transaction whereby the customer returns merchandise and requests a refund (credit) to the debit card for the value of the returned merchandise.[30]  To the extent that the Court finds that the "manager's ID number" is not used in a debit purchase transaction, it would have been obvious to one of ordinary skill in the art to use this function in a debit purchase transaction.[31]

## III.    EACH OF CAT'S OTHER ARGUMENTS FAILS TO CREATE A GENUINE ISSUE OF MATERIAL FACT

In its answering brief, CAT repeats several other attorney arguments that it previously included in its motion for summary judgment.  Each of these arguments lacks merit, and does not

---

[26] The Court construed "debit purchase transaction" to mean "a purchase transaction made using a debit styled card."  *See* D.I. 61, Report and Recommendation on Claim Construction, at 15.

[27] *See id.*

[28] MicroTrax Manual at 2-14.

[29] *See* SVS's Opening Brief at Facts ¶ 66.

[30] *See* SVS's Opening Brief at Facts ¶¶ 68, 70, and 76.

[31] *See* SVS's Opening Br. at 27-28 (relying on Ms. Breitzke's opinion).  CAT argues that SVS cannot show that independent claims 1, 10, 20, and 29 are obvious because Ms. Breitzke's opinions on the issue are inadmissible, but, as detailed in SVS's answering brief to CAT's motion for summary judgment, this argument lacks merit. *See* SVS's Answering Br. at 22-23.

create a genuine issue of material fact precluding summary judgment of invalidity.

**A.     CAT's Arguments Regarding the Recently-Concluded Reexamination Are Contrary to Law and the Record Evidence**

CAT asserts that because it submitted the MicroTrax Manual and Murphree in the recently-concluded reexamination of CAT's patent, SVS cannot carry its burden of proving invalidity.[32]   As detailed in SVS's answering brief to CAT's motion for summary judgment, CAT's assertion is contrary to Federal Circuit precedent and this Court's prior holdings, which indicate that a patent may be found anticipated at summary judgment by art that had previously been before a patent examiner.[33]   And, as is also explained in SVS's answering brief, there is no indication here that the examiner appreciated or analyzed the teachings of the MicroTrax Manual or Murphree.  The examiner did not comment on the MicroTrax Manual or Murphree, and the only evidence that he considered them is the presence of his initials on the bottom of the Information Disclosure Statements that CAT submitted.[34]   Under similar circumstances in *Rocep*, this Court stated that "[w]hat, if anything, the examiner did to examine [the reference] is not clear from the prosecution history."[35]   Indeed, the same examiner has made statements in a subsequent reexamination indicating that, in the already concluded reexamination, he did not consider the teachings of the MicroTrax Manual with regard to the "clerk authorization code."[36]

---

[32] *See* CAT's Answering Br. at 5-8.

[33] *See*  SVS's Answering Br. at 15-18, citing *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005), *Prima Tek II, L.L.C. v. Polygap S.A.R.I.*, 412 F.3d 1284 (Fed. Cir. 2005), *Rocep Lusol Holdings Ltd. v. Permatex, Inc.*, 470 F. Supp. 2d 448, 456-57 (D. Del. 2007).

[34] *See id.*

[35] *Id.* (noting that the examiner did not comment on the reference at-issue, and the only evidence showing that the prior art reference was considered by the examiner was the examiner's initials appearing on an Information Disclosure Statement).

[36] *See* SVS's Answering Br. at 17-18.  CAT's argument that it submitted the invalidity contentions upon which SVS relies in this case and that these contentions included "identical

B.     The MicroTrax Manual Is Prior Art

As detailed in SVS's answering brief to CAT's motion for summary judgment, CAT's

argument that the MicroTrax Manual is not prior art is based on inapplicable authority.[37]   CAT

erroneously argues that public dissemination of a printed publication must be shown by witness

testimony and other contemporaneous documentation.   The authority upon which CAT relies for

this argument applies to allegations that a patent is invalid due to prior public use of the

invention.   In these cases, the Federal Circuit has held that witness testimony stating that an

invention was publicly used before the critical date of the patent cannot, by itself, invalidate a

patent.[38]   Prior public use is a separate statutory basis for invalidating a patent,[39] and such case

law has no relevance to a printed publication analysis.

Here, as detailed in SVS's answering brief, the record evidence establishes that the

---

arguments" to SVS's opening brief is erroneous.   CAT submitted contentions from another
litigation, which did not even mention Murphree and differed in many other respects from SVS's
opening brief here.   *See* Breitzke Dep. Tr. at 196:12-17, 200:13-201:8.   Moreover, the examiner
specifically stated that these contentions were "lined through as not considered." *See* SVS's
Answering Br. at 18.

[37] *See* CAT's Answering Br. at 8-13.

[38] *See, e.g., Finnigan Corp. v. ITC*, 180 F.3d 1354, 1370 (Fed. Cir. 1999) ("In the end, what we
are left with is Jefferts' testimony concerning his alleged public use.   Such evidence is
insufficient as a matter of law to establish invalidity of the patent."); *Juicy Whip, Inc. v. Orange
Bang, Inc.*, 292 F.2d 728, 743 (Fed. Cir. 2002) (uncorroborated testimony insufficient to prove
"prior public use"); *Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1373 (Fed. Cir.
1998) ("In this case, despite the asserted many years of commercial and public use, we take note
of the absence of any physical record to support the oral evidence."); *Carella v. Starlight
Archery & Pro Line Co.*, 804 F.2d 135, 138 (Fed. Cir. 1986) (rejecting witness testimony that a
product (the "Schneider Rite-Flight sight") anticipated the patent via prior public knowledge or
use); *Neutrino Dev. Corp. v. Sonosite, Inc.*, 337 F. Supp. 2d 942, 946-947 (S.D. Tex. 2004)
(finding uncorroborated witness testimony insufficient to establish that a product was the subject
of a "commercial offer for sale" predating the patented invention).

[39] *See* 35 U.S.C. § 102 ("A person shall be entitled to a patent unless - (a) the invention was
known or used by others in this country, *or* patented or described in a printed publication . . .")
(emphasis added).

MicroTrax Manual was disseminated to the interested public before CAT's invention, and thus is printed publication prior art under 35 U.S.C. § 102(a).  The Manual bears a copyright date that predates the earliest possible invention date for the '859 patent by over eight months, and Tom Lineck testified that the MicroTrax Manual was distributed in 1995 or earlier to many customers.[40]  Based upon this evidence, Ms. Breitzke has opined that the MicroTrax Manual is printed publication prior art.[41]  CAT brings forth no evidence showing that the MicroTrax Manual is not a printed publication, as Dr. Grimes has offered no opinion on this issue.[42]

Given these facts, no reasonable juror could conclude that the MicroTrax Manual is not prior art.  Indeed, in an analogous case, *Microstrategy Inc. v. Business Objects Amers.*, this Court held that manuals relating to a product that was used and sold before the date of the relevant patent application qualified as printed publication prior art.[43]  In another analogous case, *Orion IP, LLC v. Hyundai Motor America*, the Federal Circuit held that a catalog was a printed publication based upon a copyright date that predated the patent's critical date and witness testimony that it was distributed to numerous customers before the critical date.[44]

C.    **CAT Ignores the Undisputed Facts in Arguing that the Disclosures of the MicroTrax Manual Are Not Arranged in the Same Way as in the Claims**

CAT ignores the undisputed facts in arguing that SVS has not shown that the elements in

---

[40] *See* SVS's Answering Br. at 8-9. Such customers included Petrini's Markets, Fry's Foods, Star Markets, Foodland, Gelsons, Bristol Farms, and Nobhill.

[41] Breitzke Rep. at 31.

[42] *See* Grimes Reb. Rep. at ¶ 44.

[43] 410 F. Supp. 2d 348, 363 (D. Del. 2006), *aff'd* 238 Fed. Appx. 605 (Fed. Cir. 2007) (holding that the "manuals are themselves prior art and provide clear and convincing evidence sufficient to support a conclusion of invalidity").

[44] *See* 605 F.3d 967, 974-75 (Fed. Cir. 2010) (reversing the district court's denial of judgment as a matter of law of invalidity).

the MicroTrax Manual are arranged in the same way as in the claims of the '859 patent.[45]  SVS

provided 135 facts establishing how the MicroTrax Manual anticipates every limitation of 32

claims of the '859 patent.[46]  CAT fails to identify the limitations of the claims that it contends

are arranged differently than the disclosures in the MicroTrax Manual, much less set forth any

facts to support its argument.  Accordingly, no reasonable juror could find that the disclosures of

the MicroTrax Manual are not arranged in the same way as the limitations of the claims.[47]

### D.     The Disclosures of the MicroTrax Manual Are Enabled

CAT also argues that SVS cannot show that the MicroTrax Manual is enabled because

Ms. Breitzke has not opined on the issue.[48]  CAT's argument is erroneous.  As detailed in SVS's

answering brief to CAT's motion for summary judgment, Ms. Breitzke is not required to offer

such an opinion because the MicroTrax Manual is presumed to be enabled and the MicroTrax

Manual itself can provide evidence that it is enabled.[49]  In its opening brief, SVS set forth facts

establishing that the MicroTrax Manual describes the functionality of a product that was actually

sold to customers.[50]  And Ms. Breitzke has included these facts as part of her opinion that the

---

[45] *See* CAT's Answering Br. at 13-15.

[46] *See* SVS's Opening Br. at Facts ¶¶ 17-152.

[47] CAT refers to its opening brief in support of its motion for summary judgment for specific examples of Ms. Breitzke's failure to apply the "arrangement requirement."  *See* CAT's Answering Br. at 15 n.2.  As detailed in SVS's answering brief to CAT's motion for summary judgment, the two examples CAT provided fail to show that Ms. Breitzke's opinion is lacking in any manner.  *See* SVS's Answering Br. at 11-13.

[48] *See* CAT's Answering Br. at 15-16.

[49] *See* SVS's Answering Br. at 13-14, citing *See Novo Nordisk Pharm., Inc. v. Bio-Tech. Gen. Corp.*, C.A. No. 02-332, 2004 U.S. Dist. LEXIS 14960, at *82-83 (D. Del. Aug. 3, 2004), *aff'd* 424 F.3d 1347, 1356 (Fed. Cir. 2005), and *SRI Int'l Inc. v. Internet Sec. Sys., Inc.*, 456 F. Supp. 2d 623, 635 n.25 (D. Del. 2006), *aff'd* 511 F.3d 1186, 1198 (Fed. Cir. 2008).

[50] *See* SVS's Opening Br. at Facts ¶¶ 8-11.

MicroTrax manual anticipates 32 claims of the '859 patent.[51]   Given that the MicroTrax Manual

provides instructions relating to a product that the public used, common sense indicates that its

disclosures are enabled.[52]   CAT has not come forward with any contrary evidence, as Dr. Grimes

has not opined that the disclosures in the MicroTrax Manual are not enabled.  Accordingly, no

reasonable juror could conclude that the MicroTrax Manual is not enabling prior art.

> **E.      CAT Ignores the Undisputed Facts in Arguing that SVS Has Failed to
> Show a Reasonable Expectation of Success**

CAT argues that SVS has failed to bring forth evidence establishing that there would be a

reasonable expectation of success in combining the disclosures of the MicroTrax Manual with

Murphree.[53]   As detailed in SVS's answering brief to CAT's motion for summary judgment,

controlling authority establishes that a reasonable expectation of success may be shown by mere

"common sense."[54] Common sense, rather than expert testimony, is all that is needed here.  One

of ordinary skill in the art would perceive a reasonable expectation of success in combining the

method for using a point-of-sale terminal in Murphree with the point-of-sale terminal disclosed

in the MicroTrax Manual.  Even if anything more than common sense were necessary, SVS

included evidence in its opening brief establishing that this combination would be successful,

including an expert opinion by Ms. Breitzke.[55]   CAT has not responded with any contrary

---

[51] *See* Breitzke Rep. at 8, 30.

[52] *See In re Elsner*, 381 F.3d 1125, 1129 (Fed. Cir. 2004) (finding that actual sales of a product described in a publication provides evidence that the disclosures in the publication are enabling).

[53] *See* CAT's Answering Br. at 17-18.

[54] *See* SVS's Answering Br. at 20, citing, *inter alia*, *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1239 (Fed. Cir. 2010).

[55] *See* SVS's Opening Br. at ¶ 161 (explaining how the encryption and decryption concepts in Murphree were capable of being performed on the point-of-sale terminals disclosed in the MicroTrax Manual, and providing a citation to Ms. Breitzke's initial report as the basis).

evidence, as Dr. Grimes has not opined that this combination would not bear a reasonable expectation of success. Accordingly, no reasonable juror could conclude that there would not be a reasonable expectation of success in combining the MicroTrax Manual with Murphree.

### F.      SVS Has Not "Misapplied" the Court's Claim Constructions

CAT's argument that SVS has misapplied the Court's claim constructions is inaccurate.[56] The Court's constructions do not preclude the combination of disclosures that meet the (1) the "customer authorization code" limitation and (2) the "clerk authorization code" limitation from also meeting the general "authorization code" limitation found in claims 20 and 29. Indeed, this combination is expressed as a claimed embodiment of the "authorization code" in claim 21:

> 21. The method according to claim 20, wherein the authorization code entering step comprises the steps of:
>
> entering a customer authorization code for authorizing access to a customer data base of a host processor; and
>
> entering a clerk authorization code for initiating a debit purchase transaction.[57]

SVS has set forth facts showing that the MicroTrax Manual teaches the "customer authorization code" and "clerk authorization code" limitations.[58] Accordingly, these same disclosures also teach the general "authorization code."[59] The Court's construction for the "authorization code" does not preclude this conclusion. Indeed, in its opinion on claim construction, the Court recited the basic tenet of patent law that a claim construction that

---

[56] *See* CAT's Answering Br. at 20-25.

[57] '859 patent at claim 21.

[58] *See* SVS's Opening Br. at Facts ¶¶ 37-40 (identifying a "PIN" as the "customer authorization code"); 42-50 (identifying the "checker ID" and "manager's ID number" each as a "clerk authorization code").

[59] *See* SVS's Opening Br. at Facts ¶¶ 121-123.

excludes a disclosed embodiment is "rarely the correct interpretation."[60]   Given the Court's recognition of this tenet, CAT's position that the Court excluded a claimed embodiment of the "authorization code" is erroneous.   Furthermore, CAT's recitation of its position at claim construction is inaccurate.   CAT asserts that it proposed at claim construction that the general "authorization code" was "wholly distinct" from the "customer authorization code" and the "clerk authorization code."[61]   Rather, CAT affirmatively argued in its claim construction briefing that "the 'authorization code' could be a customer code, clerk code . . ."[62]

In addition, the entry of just one of these codes anticipates the general "authorization code" limitation.   For instance, the examiner in the reexamination found that a PIN anticipates both the "customer authorization code" and "authorization code" limitations.[63]

Finally, to the extent that the Court finds that a single disclosure cannot anticipate both the "clerk authorization code" and "authorization code" limitations, claims 20 and 29 remain invalid.   CAT admits in its answering brief that the "checker ID" satisfies the general "authorization code" limitation.[64]   As the "manager's ID number" meets the "clerk authorization code" limitation, the "clerk authorization code" and "authorization code" limitations are anticipated by separate disclosures in the MicroTrax Manual.

## CONCLUSION

As detailed herein and in SVS's opening brief, there is no genuine issue of material fact that all 36 claims of the '859 patent are invalid, and summary judgment is appropriate.

---

[60] *Id.* at 6, citing *Osram GmbH v. Int'l Trade Comm'n*, 505 F.3d 1351, 1358 (Fed. Cir. 2007).

[61] *See* CAT's Answering Br. at 21.

[62] D.I. 46 at 12.

[63] *See* SVS's Answering Br. at 19.

[64] *See* CAT's Answering Br. at 25.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Alan M. Fisch
Jason F. Hoffman
Coke Morgan Stewart
R. William Sigler
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, N.W.
Washington, D.C.  20005-2327
Tel:  (202) 682-3500
alan.fisch@kayescholer.com
jason.hoffman@kayescholer.com
coke.stewart@kayesscholer.com
bill.sigler@kayescholer.com

Dated:  January 24, 2011

By:   */s/ David E. Moore*
　　　Richard L. Horwitz (#2246)
　　　David E. Moore (#3983)
　　　Hercules Plaza, 6th Floor
　　　1313 N. Market Street
　　　Wilmington, DE  19899
　　　Tel:  (302) 984-6000
　　　rhorwitz@potteranderson.com
　　　dmoore@potteranderson.com

*Attorneys for Plaintiff*
*Stored Value Solutions, Inc.*

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on January 24, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on January 24, 2011, the attached document was Electronically Mailed to the following person(s):

Jack B. Blumenfeld
Julia Heaney
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
j heaney@mnat.com

Mark J. Peterson
Nora M. Kane
Stinson Morrison Heckler LLP
1299 Farnam Street, Suite 1500
Omaha, NE 68102
mpeterson@stinson.com
nkane@stinson.com

J. David Wharton
Stinson Morrison Heckler LLP
1201 Walnut Street, Ste. 2900
Kansas City, MO 64106
dwharton@stinson.com

Mark D. Roth
Orum & Roth, LLC
53 W. Jackson Boulevard, Suite 1616
Chicago, IL 60604
markdroth@gmail.com

_____/s/ David E. Moore_____
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com